Annie M. Lithgow *v.* The Supreme Tent of The Knights of The Maccabees of The World, Appellant.

*Insurance — Beneficial associations — Certificate — Policy — By-laws attached to certificate—Evidence—Act of May 11, 1881.*

The certificate of membership of a beneficial association is not an insurance policy within the meaning of the act of May 11, 1881, P. L 20, and the by-laws of such an association may be admitted in evidence, although they are not attached to the certificate : Dickerson v. A. O. U. W., 159 Pa. 258.

Argued Oct. 17, 1894. Appeal, No. 12, Oct. T., 1894, by defendant, from judgment of C. P. Washington Co., May T., 1891, No. 510, on a verdict for the plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Assumpsit to recover death benefit. Before McCLUNG, J., specially presiding.

At the trial defendant claimed that George W. Lithgow, plaintiff's husband, became a member of the association, with the intention, at the time, of taking his life in order to secure payment of the sum secured by the endowment certificate to his wife, and that within eleven days after his initiation he committed suicide.

Defendant offered in evidence the by-laws of the association and called attention specially to sections, 1, 2, 3, 4, 5, 6, 7, 8 and 9, for the purpose of showing the character and objects of the association ; and also section 56, making provision in regard to the proof of claims and the course of proceeding prescribed by the order; also section 183, which provides for the avoidance of a policy by reason of death by suicide within two years after admission ; also sections 163, 164, 165 and 166, determin-

ing when a member shall be considered in good standing and when he shall be considered as a member entitled to the rights and privileges of the order in accordance with the rules of the order ; also offered the whole of the by-laws generally for the purpose of showing the general object and scope of the organization as a beneficial association.

Plaintiff objected to all these offers of the by-laws, or any part thereof, for the reason that they are not and were not attached to the benefit certificate at the time it was issued, and are incompetent, therefore, under the act of the 11th of May, 1881.

The Court : Under the hurried examination I have been able to give this matter, I am not entirely satisfied in my own mind, but have concluded that for the present I will have to sustain the objection and hold that this is a policy of insurance. Exception. [1]

Verdict and judgment for plaintiff for $3,222.

*Error assigned* among others was (1) ruling on evidence, quoting bill of exception.

*J. W. Donnan, A. Donnan* and *James Q. McGiffin* with him, for appellant.

*J. A. Langfitt, J. F. McFarland* with him, for appellee.

OPINION BY MR. JUSTICE FELL, Jan. 7, 1895 :

Two questions arose at the trial: first, whether the certificate of membership of the deceased was an insurance policy within the meaning of the act of May 11, 1881, P. L. 20, in which case no defence based on the by-laws could be made, as they were not contained in or attached to the certificate ; and, second, whether the provision of the by-laws making the defendant the final arbiter of the right of the beneficiary to recover was illegal as ousting the jurisdiction of the courts. The second question was reserved, but it appears by the opinion filed that it was left undecided ; and judgment was entered on the verdict without disposing of it, for the reason given that, the by-laws having been excluded, all defences based thereon fell.

The learned judge of the common pleas did not consider the

question involved as ruled by the decision in Commonwealth v. Equitable Beneficial Association, 137 Pa. 412. The latter case arose under a different act of assembly, that of April 29, 1874 ; but the question was whether the defendant was an insurance company or a beneficial association, and the distinction so clearly pointed out in the opinion, by CLARK, J., between these two classes of organizations has since been approved and followed in the case of Dickerson v. A. O. U. W., 159 Pa. 258, in which the opinion of the court was delivered by the present Chief Justice. That case arose under the Act of May 11, 1881, and presented the identical question now under consideration, and this case is distinctly ruled by it. It is due the learned trial judge to say that the opinion in that case was not filed at the time of his decision of this.

The assignments of error touching the refusal of the court to admit the by-laws in evidence are sustained. As the questions raised by the other assignments were not passed upon in the common pleas, we express no opinion concerning them.

The judgment is reversed and a venire de novo awarded.