Margaret Fischer to use of J. & P. Baltz Brewing Company, Appellant, *v.* American Legion of Honor.

| 168 | 279 |
| d 25 SC | 31 |
| 168 | 279 |
| e 35 SC | 154 |
| 168 | 279 |
| 224 | 301 |

*Beneficial associations—Death of beneficiary—Widow.*

The by-laws of a beneficial association provided that " in the event of the death of all the beneficiaries selected by the member, before the decease of such member, if no other or further disposition thereof be made in accordance with the provisions of these by-laws the benefit shall be paid to the widow." A member named his wife as beneficiary. The wife subsequently died, and the member married again. The member afterwards died without having made any change in his certificate. *Held*, that his widow, surviving him, was entitled to the fund.

Argued April 2, 1895. Appeal, No. 230, Jan. T., 1895, by plaintiff, from judgment of C. P. No. 1, Phila. Co., June T., 1894, No. 459, for plaintiff on case stated. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Affirmed.

Case stated to determine the ownership of a benefit fund.

The case stated was as follows:

"On or about the 24th day of March, 1888, Charles F. Fischer became a member of the Subordinate Council of the American Legion of Honor, and received a benefit certificate issued by the Supreme Council in the following form:

### "'BENEFIT CERTIFICATE.

#### ISSUED BY

No. 115373          SUPREME COUNCIL,          $1000

## AMERICAN LEGION OF HONOR.

"'THIS IS TO CERTIFY that Charles F. Fischer is a Companion of the American Legion of Honor, said Companion having made application for second degree membership to Spring Garden Council No. 551, A. L. of H., instituted and located at Philadelphia, in the State of Pennsylvania, and passed the requisite medical examination and been duly initiated into said Council, and this certificate is issued to said Companion as an evidence of the facts in it contained and as a statement of the contract existing between said Companion and the Supreme Council, American Legion of Honor. In consideration of the full compliance with all the by-laws of the Supreme Council, A. L. of H. now existing or hereafter adopted, and the conditions herein contained, the Supreme Council, A. L. of H., hereby agrees to pay Louisa A. Fischer, wife, One Thousand Dollars upon satisfactory proof of the death, while in good standing upon the books of the Supreme Council, of the Companion herein named, and full receipt and surrender of this certificate. Subject, however, to the conditions, restrictions and limitations following:

"'FIRST: That all statements made by the Companion in the application for membership, and all answers to the questions contained in the medical examination, are in all respects true, and shall be deemed and taken to be express warranties.

"'SECOND: That said Companion shall have paid all assessments called to the Benefit Fund within the time and in the manner required by the by-laws of the Supreme Council in force at the time of the issuance of this certificate or as the same may be hereafter amended.

"'THIRD: That all moneys which the Supreme Council, American Legion of Honor, may advance against this certificate by way of relief benefit to the Companion named herein, for sick or disability benefits under existing or hereafter enacted By-laws or Regulations may be deducted, at the death of the Companion, from the amount payable to the beneficiary named herein.

"'FOURTH: That the amount designated by said Companion in his application for membership and stated herein, as a funeral benefit, may be deducted at the death of the Companion, from the amount payable to the beneficiary herein named.

"'FIFTH: That this benefit certificate is issued by the Supreme Council, and accepted by the Companion herein named, for himself and his beneficiary, upon the express condition and agreement that in case of any false or fraudulent statement or misrepresentation or violation of any of the covenants herein contained, the same shall be void.

"'IN WITNESS WHEREOF THE SUPREME COUNCIL, AMERICAN LEGION OF HONOR, has hereunto affixed its corporate seal and caused this certificate to be signed by its Supreme Commander and attested by its Supreme Secretary, at Boston, Massachusetts, this 24th day of March, A. D., 1888.

"'Attest: ADAM WARNOCK,<br>"'Supreme Secretary.

"'ENOCH S. BROWN,
        "'Supreme Commander.'"

"Louisa A. Fischer, the beneficiary named in the said certificate, died on the 31st day of December, 1889, and Charles C. Fischer was appointed administrator of her estate by the register of wills for the county of Philadelphia, on the 12th day of December, 1894.

"The said Charles F. Fischer, subsequent to the death of the said Lousia M. Fischer, married Margaret Fischer, on 19th of October, 1892. Charles F. Fischer, being in good standing in the said order, died on the 19th day of April, 1894, leaving the said Margaret Fischer to survive him, and leaving also one child by the said Margaret Fischer, namely, John W. Fischer, and four children by the said Louisa A. Fischer, namely, Charles C. Fischer, Katie M. Fischer, Louisa V. Fischer, and Carrie S. Fischer.

" By the by-laws of the American Legion of Honor, in force at the time of the execution of the said benefit certificate, it is provided:

" 'Sect. 5. In the event of the death of all the beneficiaries selected by the member, before the decease of such member, if no other or further disposition thereof be made in accordance with the provision of Section 3 of this law, the benefit shall be paid to the dependent heirs of the deceased member, and if no person or persons shall be entitled to receive such benefit by the laws of this Order, it shall revert to the benefit fund.'

" By the by-laws of the American Legion of Honor as in force at the time of the death of the said Charles F. Fischer, it is provided:

" '128. In the event of the death of all the beneficiaries selected by the member, before the decease of such member, if no other or further disposition thereof be made in accordance with the provisions of these by-laws, the benefit shall be paid to the widow. If none, then to the heirs of the deceased member, and if no person or persons shall be entitled to receive such benefit, it shall revert to the benefit fund.'

" The certificate of incorporation of the said order, as issued by the commonwealth of Massachusetts, provides inter alia that it is organized for the purpose of,—

" '1st. To unite fraternally all persons of sound bodily health and good moral character, who are socially acceptable, and between eighteen and sixty-five years of age.

" '2d. To give all moral and material aid in its power, to its members and those dependent upon them.

" '3d. To educate its members socially, morally and intellectually.

" '4th. To establish a fund for the relief of sick and distressed members.

" '5th. To establish a benefit fund, from which on the satisfactory evidence of the death of a member of the Order, who has complied with all its lawful requirements, a sum not exceeding five thousand dollars shall be paid to the family, orphans, or dependents, as the member may direct, and who has complied with the provisions of the statutes of this Commonwealth in such case made and provided, as appears from the certificate of the proper officers and executive committee of said corpora-

·tion duly approved by the Commissioner of Corporations, and recorded in this office.'

" The said order has disclaimed all interest in the said sum payable upon the said benefit certificate and has, by leave of court, granted upon the order's own petition and by the agreement of the parties hereto, paid the said sum into a trust company, with the same effect as if it had been paid into court to await the termination of an issue between the parties hereto.

" It is agreed by the parties hereto that if the court shall be of opinion on the above-stated facts that Margaret Fischer, the surviving widow of the said Charles F. Fischer, is entitled to the sum of money provided in the said benefit certificate to be paid, judgment shall be entered on this case stated for the said Margaret Fischer.

" If the court shall be of opinion that the sum of money provided in the said benefit certificate to be paid is payable to the dependent heirs of the said Charles F. Fischer, the judgment shall be entered on this case stated for Margaret Fischer, widow; Margaret Fischer, guardian ad litem of John W. Fischer, Charles C. Fischer, Kate M. Fischer; Charles C. Fischer, guardian ad litem of Louisa V. Fischer, and Charles C. Fischer, guardian ad litem of Carrie S. Fischer, dependent heirs, in equal shares.

" If the court shall be of opinion that Charles C. Fischer, the administrator of the estate of Louisa A. Fischer, deceased, is entitled to the sum of money provided in the said benefit certificate to be paid, judgment shall be entered on this case stated for the said administrator.

" The parties hereto reserve the right to appeal to the Supreme Court from the judgment entered herein."

The court entered judgment for plaintiff on case stated.

*Error assigned* was entry of judgment as above.

*William W. Porter, Benjamin Alexander* with him, for appellant.—Under the statute law of the state of Pennsylvania, the insurance for the benefit of a wife created a vested interest in her: Act of April 15, 1868, P. L. 103 ; McCutcheon's App., 99 Pa. 137.

It is equally clear under the decisions of the state that where

insurance is taken out in the name of a wife it creates a vested interest in her which is not affected by her death : Anderson's Est., 85 Pa. 202 ; DeGinther's App., 83 Pa. 337 ; Fell's Est., 4 Kulp, 165 ; Fire Com. v. Com., 75 Pa. 291 ; Raub v. Masonic Mut. Relief Assn., 3 Mackey, 68 ; Bergmann v. Association, 29 Minn. 278 ; Presbyterian Fund v. Allen, 106 Indiana, 593 ; Com. v. Gill, 3 Wharton, 228 ; The Case of Philadelphia Savings Institution, 1 Wharton, 461 ; Phillips v. Allen, 41 Pa. 481 ; Kentucky Masonic Mut. Life Ins. Co. v. Miller, 13 Bush (Ky.), 489 ; Legion of Honor v. Perry, 140 Mass. 580 ; People v. Kip, 4 Cowen (N. Y.), 382.

*J. H. Shoemaker*, for appellee.—In order to carry out the object of beneficial societies, the beneficiary never acquires an interest in the benefit fund before the death of the member : Grim v. Odd Fellows, 71 Wis. 547 ; Society v. Lewis, 9 Mo. App. 412 ; Society v. Burkhart, 7 West. Rep. 527 ; 2 Am. & Eng. Ency. of Law, 177 ; Bacon on Beneficial Soc. 306 ; Splawn v. Chew, 60 Tex. 532 ; Richmond v. Johnson, 28 Minn. 447 ; Association v. McAuley, 2 Mackey's Dist. of Columbia, 70 ; Ballou v. Gile, 50 Wis. 614 ; act of April 15, 1868, P. L. 103 ; Dickinson v. Am. O. U. W., 159 Pa. 258 ; Bacon on Benef. So. sec. 236 ; Beach on Private Corp., sec. 323.

OPINION BY MR. JUSTICE FELL, May 20, 1895 :

Charles F. Fischer was a member of the American Legion of Honor, and at the time of his death held a benefit certificate for $1,000, in which Louisa A. Fischer, his former wife, was named as beneficiary. She died in 1889 leaving children, and he remarried and at his death in 1894 left surviving him a widow, Margaret Fischer, and children of both marriages. No change was made after the death of his first wife in the name of the beneficiary, and at his death the amount due by the defendant was claimed by his widow, the plaintiff, and by the administrator of the estate of his first wife, and by his children as dependent heirs. Upon a case stated judgment was entered by the court for the plaintiff, and this appeal is by the administrator of Louisa A. Fischer.

The American Legion of Honor is a beneficial association, and one of the purposes of its organization is to establish a fund

from which upon the death of a member " a sum shall be paid to the family, orphans or dependents as the member may direct." At the time when Charles F. Fischer became a member the by-laws provided: " Sec. 5. In the event of the death of all the beneficiaries selected by the member before the decease of such member, if no other or further disposition thereof be made in accordance with the provisions of sec. 3 of this law the benefit shall be paid to the dependent heirs of the deceased member, and if no person shall be entitled to receive such benefit by the laws of the order it shall revert to the benefit fund." The by-laws in force at the time of his death provided that "in the event of the death of all the beneficiaries selected by the member, before the decease of such member, if no other or further disposition thereof be made in accordance with the provisions of these by-laws the benefit shall be paid to the widow. If none, then to the heirs of the deceased member, and if no person or persons shall be entitled to receive such benefit it shall revert to the benefit fund."

If the beneficiary first named had a vested interest in the fund payable at the death of her husband her administrator is entitled to recover, otherwise he has no standing. It seems clear that she had no such interest. There is a material and fundamental distinction between philanthropic or beneficial associations, which issue benefit certificates to their members, and life insurance companies, which was pointed out in Commonwealth v. Equitable Beneficial Association, 137 Pa. 412, and has since been recognized in Dickinson v. A. O. U. W., 159 Pa. 258, and in Lithgow v. Supreme Tent, etc., 165 Pa. 292. It appears from the charter and by-laws that the association defendant was organized for social, moral and intellectual purposes and for the relief of sick and distressed members. Insurance is not its only nor its primary object. It limits the persons and classes of persons who may be named as beneficiaries to " the family, orphans or dependents," and provides that in the event of the failure of all such persons or classes of persons the sum due shall revert to the order. The amount secured by the certificate is subject to deductions for relief benefits paid in case of sickness or disability to the member and for his funeral expenses. Where the beneficiary has died the member may name another. These provisions are in en-

tire harmony with the object of the order as a fraternal and beneficial organization, and they are entirely incompatible with the vesting of an interest in the fund in the beneficiary before the death of a member. Such a construction would in many cases by giving the fund to the legal representatives of the beneficiary divert it entirely from the purpose intended by the member and for which the organization was formed.

It was the right of Charles F. Fischer after the death of his first wife to name a new beneficiary within the limits as to persons and classes prescribed. Upon his failure to do so the law of the association fixed the persons to be benefited. Of this law he presumably had knowledge, and his acquiescence in the selection made by it had all the effect of a new appointment by him.

The act of April 13, 1868, P. L. 103, referred to by the appellants, was intended to secure to the wife and children and dependent relatives of the insured, as against his creditors, an insurance taken out or assigned in good faith for their benefit. We do not see that it affects the question involved in this case.

The judgment of the court of common pleas is affirmed.