## Noble *v.* Police Beneficiary Association.

*Beneficial associations—Change of beneficiary—Interest of beneficiary —Sister—Widow—By-laws.*

1. A beneficiary named in a certificate or policy issued by a beneficial association acquires no vested interest in it, nor a right to anything, during the lifetime of the member to whom it is issued, but merely an expectancy, which does not become a vested or absolute right to the proceeds of the certificate or policy until the death of the assured.

2. Where a member of a beneficial association names his sister as beneficiary but retains the certificate in his own possession, and thereafter, upon marrying, surrenders the certificate and the association issues to him a new certificate wherein the wife is named as beneficiary, the sister after the member's death has no right to the death benefits; and this is the case although a by-law of the association provided that no transfer should be made without the consent of the beneficiary, and the sister did not in fact consent to the change of the beneficiary. In such a case the retention of the certificate and its surrender were not a transfer of the certificate; and even if the by-law was violated by the issuing of the second certificate the association would be estopped from questioning the regularity of that certificate, for, by issuing the same, it waived all the provisions of the by-laws as to transfers.

3. By-laws of a beneficial association as to transfers are solely for the convenience and protection of the association, and may be waived by it without any person having a right to complain.

Argued Jan. 6, 1909. Appeal, No. 193, Jan. T., 1908, by Margery E. Dittmer, intervening claimant, from decree of C. P. No. 5, Phila. Co., March T., 1908, No. 742, distributing fund paid into court in case of Annie M. Noble v. Police Beneficiary Association. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Rule of Annie M. Noble on Margery E. Dittmer to show cause why a fund paid into court by the Police Beneficiary Association should not be paid to her. Before STAAKE, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was order making absolute the rule.

*James Collins Jones,* for appellant.—The Pennsylvania cases establish that in order to be effective, whether as against the association or as against a rival beneficiary, a change of beneficiary must be made in accordance with the by-laws of the association: Vollman's Appeal, 92 Pa. 50; Roesch's App., 32 Pitts. L. J. 168.

When, therefore, the by-laws of a beneficial association require that in order to change the beneficiary the consent of the original beneficiary be obtained, the beneficial certificate is put in the same category as a life insurance policy and the beneficiary is given a vested interest.

The improvident act of the president and secretary of the beneficiary association in taking from James Noble the certificate payable to his sister, the appellant, and issuing in lieu thereof the certificate payable to the appellee cannot affect the rights of the parties.

*Joseph P. Gaffney,* with him *Thomas F. McNichol,* for appellee.—If the association has waived a strict compliance with its own rules, and, in pursuance of a request of the insured to change a beneficiary, has issued a new certificate, the original beneficiary will not be heard to complain that the course indicated by the regulations was not pursued: Penna. R. R. Co. v. Wolfe, 203 Pa. 269; Heasley v. Heasley, 191 Pa. 539.

This doctrine, that "a provision in the Charter, Constitution or By-Laws of a beneficial society to the effect that a new direction as to the payment of a beneficiary certificate shall be valid only when made in a certain way, is for the protection of the society, and does not govern as between the claimants to the benefit," is general. It prevails in New York: Klee v. Klee, 93 N. Y. Supp. 588; Fanning v. Supreme Council of the Catholic Mutual Benefit Association, 84 N. Y. App. Div. 205.

In Iowa: Wandell v. Mystic Toilers, 130 Iowa, 639 (105 N. W. Repr. 448).

In Kentucky: Manning v. Ancient Order of United Workmen, 86 Ky. 136 (5 S. W. Repr. 385).

In Minnesota: Fischer v. Malchow, 93 Minn. 396 (101 N. W. Repr. 602).

In Washington: Cade v. Head Camp, 67 Pac. Repr. 603.

In Michigan: Supreme Court Order of Patricians v. Davis, 129 Mich. 318 (88 N. W. Repr. 874).

In federal courts: Supreme Conclave, Royal Adelphia, v. Cappella, 41 Fed. Repr. 1.

In mutual benefit societies the contract of insurance is between the society and the member; and the beneficiary acquires no vested right in the benefit fund, which is to accrue upon the death of the member, until the death takes place, and during his life the member may change his beneficiary without other limitations or restrictions than such as are imposed by the organic law of the society: Com. v. Beneficial Assn., 137 Pa. 412; Hayes v. German Beneficial Union, 35 Pa. Superior Ct. 142; Algeo v. Fries, 27 Pa. Superior Ct. 157; Fischer v. American Legion of Honor, 168 Pa. 279; Lithgow v. Supreme Tent of Knights of Maccabees, 165 Pa. 292.

OPINION BY MR. JUSTICE BROWN, April 12, 1909:

This contest is over the proceeds of a beneficial certificate issued by the Police Beneficiary Association, of the city of Philadelphia, to James Noble, one of its members. On April 20, 1907, it issued a certificate to him, in which Margery E. Dittmer, his sister, was named as the beneficiary. He retained this certificate in his possession until December 23, 1907, when he surrendered it to the association, and, on his application for another in lieu of it, the one under which the appellee, his widow, claims, was issued to him. In this she is named as the beneficiary. He died January 22, 1908, and suits were brought against the association by his widow and sister, each claiming the fund. The association was ready to pay it to the one entitled to receive it, and, disclaiming all interest in it, leave was granted to pay it into court. There being no disputed facts, a rule to show cause why it should not be paid to Annie M. Noble, the widow, was made absolute. From this the sister has appealed, her ground of complaint being that the certificate naming the wife as the beneficiary was invalid as against the one in which she had been named as beneficiary, because issued in violation of a provision of a by-law of the associa-

tion that "a member may transfer his certificate heretofore issued either to his wife, child or children, heirs-at-law, parent or parents, affianced wife, or the person or persons dependent upon the member, consent in writing, however, to be first had of all the living beneficiaries named therein, excepting, however, that when a certificate has been made payable to a member's parent or parents, and such member subsequently marries, the member can substitute the name of his wife, and this without the consent of the parent or parents named in the certificate, and excepting also, however, as hereinafter provided."

A beneficiary named in a certificate or policy issued by a beneficial association acquires no vested interest in it, nor a right to anything, during the lifetime of the member to whom it is issued, but merely an expectancy, which does not become a vested or absolute right to the proceeds of the certificate or policy until the death of the assured: Fischer to use v. American Legion of Honor, 168 Pa. 279; Brown v. Ancient Order of United Workmen, 208 Pa. 101; Supreme Conclave, Royal Adelphia, v. Cappella et al., 41 Fed. Repr. 1. In this latter case it was said by BROWN, Circuit Justice: "In case of an ordinary policy, the right of the person for whose benefit a policy is issued cannot be defeated by the separate or joint acts of the assured and the company, without the consent of the beneficiary (Bliss, Ins., sec. 318); while it is entirely well settled that in cases of this description the beneficiary has no vested interest in the benefit certificate until the death of the insured member." During the lifetime of a member of a beneficial association to whom a beneficial certificate is issued the beneficiary named in it is a mere volunteer, having no contractual relations either with the association or the assured. The contract is between the association and its member alone. The first contract between Noble and the Police Beneficiary Association was for the payment to Margery E. Dittmer, upon his death, of the amount of the assessments collected from the members, provided that at the time of his death he should be a member in good standing and she continued to be his designated beneficiary. He might at any time have allowed the

first certificate to become null and void by neglecting to pay assessments levied upon it. This is one of the conditions of the certificate issued to him, and, if he had allowed it to lapse, the sister would have had no ground of complaint, either against him or the association. He did not "transfer" the certificate to another without the consent of the beneficiary named in it, to whom it had not been delivered, but, still having possession of it, surrendered it to the association. He then made application for a new certificate and a new contract was entered into between him and the association, in pursuance of which the certificate was issued to him, naming his wife as the beneficiary. Of this the sister could not have complained, for she had no vested right under the certificate which was surrendered. Even if the issuing of the second certificate is to be regarded as a violation of the by-laws of the association, it would be estopped from questioning the regularity of that certificate, for, by issuing it, it waived all provisions in the by-laws as to transfers. If those by-laws were not complied with, can this appellant raise any question as to their violation? As stated, the certificate was never delivered to her, and before the time that she had acquired any rights under it it was returned to the association. If the second one was issued in disregard of the by-laws of the association, that disregard prejudiced no rights of the appellant, for she had no rights at that time. The by-laws were made solely for the convenience and protection of the association. Regulations concerning the method of changing beneficiaries are adopted for the protection of the society, and if it has, by waiver or estoppel, lost the right to object to a change in the name of the beneficiary, no one else may raise that objection; and if a change of beneficiaries has actually been consummated and acted on by the society in the member's lifetime, the original beneficiary has no standing to attack the change, because not made in compliance with the regulations of the society. See cases cited in 29 Cyclopædia of Law and Procedure, p. 135. In our state, in the recent case of Pennsylvania Railroad Company v. Wolfe, 203 Pa. 269, we held that such rules are for the protection of the association, and if it waives its rights or does not claim

them under such rules, no one else can take its place. Among other cases there cited and approved is Titsworth v. Titsworth, 20 Pac. Repr. 213, in which the association waived a provision that no change of a beneficiary should be valid or have any binding force or effect, unless made in accordance with certain requirements in the constitution of the grand lodge. The new beneficial certificate, issued in disregard of the constitutional requirements, was upheld in a controversy with the first-named beneficiary over the proceeds of the certificate, the court saying: "In the determination of the various questions arising in this case, it must be constantly borne in mind that the Ancient Order of United Workmen, the association that issued the benefit certificate, is no longer a party, and is not taking any part in the litigation. It has paid the money into court, and has been released from all obligation respecting it. This payment, however, is an admission on its part that the benefit certificate was rightfully issued, and hence all contention as to whether its rules and regulations respecting these matters had been complied with is out of the case, and is entirely disposed of. We mean by this to assert that when the association issues a certificate, or changes the beneficiary, all questions as to whether it is done or not in accordance with their rules and regulations are concluded."

The appellant having no right or interest of any kind which the association was bound to regard at the time it accepted from Noble the first policy issued to him and issued the second, the order of the court below is affirmed.