# Birnie, Appellant, *v.* Birnie.

*Beneficial associations—Death benefits—Change of beneficiary.*

A beneficiary named in a certificate or policy issued by a beneficial association acquires no vested interest in it nor a right to anything, during the lifetime of the member to whom it is issued, but merely an expectancy, which does not become a vested or absolute right to the proceeds of the certificate or policy until the death of the assured.

Where a member of a beneficial association surrenders a beneficiary certificate in which his wife had been named as beneficiary, and the association at his request issues another beneficiary certificate in which the brother of the member is named as beneficiary, the wife will not be entitled to the death benefits; and this is the case although the constitution and by-laws of the association may have been violated by the issuance of the second certificate.

Argued Dec. 11, 1916. Appeal, No. 247, Oct. T., 1916, by plaintiff, from judgment of C. P. No. 2, Philadelphia Co., March T., 1916, No. 1028, for defendant on feigned issue in case of Margaret Birnie v. Artisan's Order of Mutual Protection, to use of P. F. Gallagher. Before

ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.  Affirmed.

Assumpsit for death benefits.

Rule to show cause why a fund paid into court should not be paid to Margaret Birnie.

After the rule was entered an agreement of counsel was filed providing that final judgment might be entered in determining the rule to pay the money in court to Margaret Birnie.  From the record it appeared that William S. Birnie was a member of the Artisan's Order of Mutual Protection, and that in 1897 there was issued a beneficiary certificate in which his wife, Margaret Birnie, was named as beneficiary.  The provision of the association's by-law as to such certificates was as follows:

"Each applicant shall enter upon his application for beneficiary certificate the name or names of the beneficiary to whom he desires the benefit paid, and the name or names shall be entered in the beneficiary certificate by the most excellent recorder, subject to such future disposal of the benefits as the member, in accordance with the laws of the order, may thereafter direct.  Provided, that no certificate can be made payable to the estate of the members and that no persons shall be named as beneficiaries unless they be of the family, heirs, blood relations, affianced wife of or a dependent upon the member.  Provided, that if after the issuance of the original certificate the member shall become dependent upon an incorporated charitable institution he shall have the privilege, with the consent of the board of directors, to make such institution his beneficiary."

On March 26, 1915, the certificate to the wife was surrendered by Birnie, and another beneficiary certificate was issued to him in which his brother, Adam Birnie, was designated as beneficiary.  Mrs. Birnie claimed that the second certificate had been issued under a secret and fraudulent arrangement between her husband and

76       BIRNIE, Appellant, *v.* BIRNIE.

Statement of Facts—Opinion of the Court. [67 Pa. Superior Ct.

his brother, not known to the beneficial society, by which the death benefits were actually to be paid to another person who could not have been accepted by the society because not included in any of the classes of beneficiaries permitted by the laws of the society. The record showed that the case was marked by Adam Birnie to the use of P. F. Gallagher. The court in an opinion by WESSEL, J., entered judgment for defendant.

*Error assigned* was in entering judgment for defendant.

*Lincoln L. Eyre,* for appellant.—If the decision of the court below in this case is to be accepted as sound, it must follow that any member of a beneficial association may, by a trick or subterfuge of this kind, enable his creditors to receive the death benefit and deprive his wife and children of the protection which was intended to be secured them, in accordance with the fundamental objects and purposes for which beneficial associations are incorporated: Fodell v. Miller, 193 Pa. 570; Ogle v. Barron, 247 Pa. 19; Schomaker v. Schwebel, 204 Pa. 470.

*Alex. Simpson, Jr.,* with him *Michael D. Hayes,* for appellee.—Appellant has no basis upon which to claim the fund: Schoales v. Order of Sparta, 206 Pa. 11; Noble v. Beneficiary Assn., 224 Pa. 298; Haller v. Haller, 45 Pa. Superior Ct. 409; Fodell v. Miller, 193 Pa. 570; Berks Co. v. Pile, 18 Pa. 493; Mutchler v. City of Easton, 148 Pa. 441; Loux v. Fox, 171 Pa. 68.

OPINION BY HEAD, J., July 13, 1917:

If the record as it comes to this court discloses an insurmountable obstacle in the way of the plaintiff, it will be unnecessary to consider or discuss a number of questions suggested in the interesting briefs filed by counsel. The record is this.

Many years before his death one William S. Birnie became a member of the Artisan's Order. In 1897, in the exercise of his right as a member, he obtained from the order a certificate entitling him or his nominee to receive at his death the sum of one thousand dollars. In that certificate he designated his wife, Margaret Birnie, as the beneficiary. After his death she brought a suit against the order to recover the money mentioned in the certificate. Another suit was brought against the same order by Adam Birnie to the use of one Gallagher, claiming the same death benefit under a later certificate. The beneficial order, not wishing in any way to contest its liability to pay to the party legally entitled, and not desiring to be subjected to the expense of litigation, asked and obtained leave to pay the money into court for the benefit of the party entitled. The present plaintiff, the beneficiary named in the first certificate, filed a petition praying for an order to take the money out of court on the ground that she was such party. A rule to show cause was granted and the present defendant, the alleged beneficiary in the later certificate, filed an answer denying the right of the claimant and asserting his own right to the fund. Thereupon the plaintiff's counsel had the case set down for hearing on petition and answer. At or before the hearing a stipulation was filed to the effect that if the court should discharge the plaintiff's rule, then judgment might be entered in favor of the present defendant in order to dispose of the entire controversy in the one proceeding. The learned court, after argument, filed an exhaustive opinion discharging the plaintiff's rule and entered an order directing the fund to be paid to the defendant. From that order the plaintiff appeals.

We understand it to be conceded the mere fact the plaintiff was named as the beneficiary in the first certificate vested no right in her. As long as the principal lived, it was within his power to change the person to whom the benefits should be paid as often as he chose to.

During that period any particular beneficiary was but a volunteer and had no rights whatever which could in any way prevent him from freely exercising his will in the matter. We content ourselves with a short excerpt from one of the multitude of cases which have so decided. In Noble v. Beneficiary Assn., 224 Pa. 298, Mr. Justice BROWN said: "A beneficiary named in a certificate or policy issued by a beneficial association acquires no vested interest in it, nor a right to anything, during the lifetime of the member to whom it is issued, but merely an expectancy, which does not become a vested or absolute right to the proceeds of the certificate or policy until the death of the assured.......Even if the issuing of the second certificate is to be regarded as a violation of the by-laws of the association, it would be estopped from questioning the regularity of that certificate, for, by issuing it, it waived all provisions in the by-laws as to transfers. If those by-laws were not complied with, can this appellant·raise any question as to their violation? ......If the second one was issued in disregard of the by-laws of the association, that disregard prejudiced no rights of the appellant, for she had no rights at that time."

It is clear then that, during the lifetime of William S. Birnie, the present plaintiff acquired no legal rights whatever from the fact she had been named as his beneficiary in the certificate issued to him. He had a perfect right to surrender that certificate and thus destroy her expectancy at his own will and pleasure. The law is not concerned with the personal motive that may actuate a man to do that which the law accords him the right to do. If therefore, in his lifetime, he surrendered his beneficial certificate with the intention of destroying the expectancy of his wife, arising from the fact she had been named as beneficiary, he was entirely within his right and it cannot be successfully argued he defrauded his wife of anything. As we have already stated, the case was heard on petition and answer. Now the petition it-

self declares that "On or about March 26, 1915, said beneficiary certificate was surrendered at the instance of William S. Birnie and another beneficiary certificate was issued to him by said Artisans' order designating his brother Adam Birnie as beneficiary." With the surrender of the certificate, on which alone any claim by the plaintiff must rest, that claim was absolutely destroyed. Even if the member had chosen never to take out another certificate, any claim by her would be hopeless. It is no concern of hers therefore whether or not the second certificate that was issued was or was not in accordance with the charter and by-laws of the Artisans' order. There was nothing immoral or against public policy even in the motives assigned by the petition as the cause of the change of mind on the part of the member. The second certificate may or may not have been invalid and ineffectual as against the order, had it seen fit to contest the payment of it, but this effect it certainly did have whether invalid or not. It irrevocably stamped on the act of the member, in surrendering his first certificate, his intention it should thereafter be without effect, and this effectually and completely destroyed any claim on the part of the present plaintiff and left her without any legal right. It was therefore impossible she could have been defrauded.

Were it not for the stipulation entered into by counsel, the learned court below would have naturally stopped with an order discharging the rule. But the parties having so agreed, it was entirely proper the court should end the litigation by entering the order in favor of the defendant. The assignments of error are overruled.

The order is affirmed.