## Birnie, Appellant, *v.* Birnie.

*Beneficial associations—Death benefits.*
Fodell v. Miller, 193 Pa. 570, explained and distinguished.

Rule for reargument. See report of case at 67 Pa. Superior Ct. 74.

OPINION BY HEAD, J., October 8, 1917:

It is true the opinion neither cited nor commented on the case of Fodell v. Miller, 193 Pa. 570, which counsel

so earnestly contends is "on all fours" with the case at bar. But that fact furnishes no warrant for the assumption the case was overlooked, much less for the allegation in the petition our opinion would, in effect at least, overrule it. The judgment in Fodell v. Miller was entered on a case stated. It frequently happens that such judgments in no way affect the general body of the law because of the latitude or the narrowness of the zone, within which the parties have stipulated the judicial function should be exercised.

Now in the case cited it was agreed the court could enter a judgment for either plaintiff or defendant for the whole of the fund and then the following: "If the court shall be of opinion that plaintiff is entitled to recover only the amount paid by him for assessments and dues on account of Miller, then judgment to be entered for plaintiff for said amount with legal interest and for defendant for the balance of the fund in court." This was a broad invitation to the court to dispose of the fund in accord with general equitable principles rather than to define the strictly legal rights of the parties. Responding to that invitation the court entered judgment for each party for a portion of the fund. As there could not have been two beneficiaries under that certificate, how can it be seriously contended such a judgment, in any way, could affect this case, where the appellant was compelled to stand on a naked legal right or fail? Naturally the case of Fodell v. Miller was not mentioned by court or counsel in Noble v. Police Beneficiary Assn., 224 Pa. 298, or in Haller v. Haller, 45 Pa. Superior Ct. 409. The very able opinion filed by the learned court below demonstrates that these cases which we have followed are in exact harmony with legal principles long recognized. We are content our judgment should rest on the opinion delivered.

Rule for reargument discharged.