# Bell, Appellant, *v.* Police Beneficiary Assn. et al.

*Beneficial associations—Beneficiaries—Certificate — Change of beneficiaries—Remarriage of member—Charter—By-laws.*

1. A beneficiary named in a certificate of a beneficial association, acquires no vested interest, either in the certificate or its proceeds during the lifetime of the member; he merely has an expectancy which does not become vested until the death of the assured.

2. It is within the power of the member to change the beneficiary whenever he chooses to do so, subject however, to the qualification that such right must be exercised strictly in accordance with the

408 BELL, Appel., *v.* POLICE BENEFICIARY ASSN.

by-laws of the association, otherwise the latter is not bound to recognize the new beneficiary.

3. Where the by-laws of a beneficial association, adopted in accordance with the charter, provide that changes in the certificate may be made with the consent of all living beneficiaries therein named, and that the name of a second wife may be substituted for that of a deceased wife without the consent of the child or children named in the certificate, the member is not entitled to have the name of his second wife substituted as sole beneficiary without the consent of his children named in the certificate.

4. Where a charter of a beneficial association states the purpose of the corporation is to provide a fund for the benefit of the members and their widows or orphans, "or to such person or persons as the member may have designated" and, in default of such designation, to such person as the by-laws may direct, such purpose is entirely consistent with the right of the association to adopt by-laws governing the practice and procedure, in case a member desires to change a named beneficiary, and will be given a broad and liberal construction.

Argued March 23, 1921. Appeal, No. 299, Jan. T., 1921, by plaintiff, from decree of C. P. No. 1, Phila. Co., Dec. T., 1919, No. 3817, dismissing bill in equity, in case of Robert J. Bell v. Police Beneficiary Assn., a corporation, and John Bell, Minnie Hannis, Jennie Menagh and Lydia Foulkrod. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill in equity for mandatory injunction. Before SHOEMAKER, J.

The opinion of the Supreme Court states the facts.

The court dismissed the bill. Plaintiff appealed.

*Error assigned*, among others, was decree, quoting it.

*Paul Reilly*, for appellant.—Under the charter the appellant has the absolute right to designate whom he will as beneficiary and this includes his right to change the beneficiary: Thomeuf v. Knights of Birmingham, 12

Pa. Superior Ct. 195; Noble v. Police Ben. Assn., 224 Pa. 298.

*Frederick A. Sobernheimer,* for appellee.—The charter and by-laws of appellee association do not conflict: Maneely v. Knights of Birmingham, 115 Pa. 305; Compton's Est., 25 Pa. Superior Ct. 28; Shumega v. First Catholics S. U., 61 Pa. Superior Ct. 126.

Appellee association being the judge of its own by-laws, cannot be compelled to change a certificate contrary to the by-laws: Thayer v. Thompson, 220 Pa. 241; Thomeuf v. Knights of Birmingham, 12 Pa. Superior Ct. 195; Birnie v. Birnie, 67 Pa. Superior Ct. 74; Noble v. Police Beneficiary Assn., 224 Pa. 298; Vollman's App., 92 Pa. 50; Masonic Mut. Assn. v. Jones, 154 Pa. 107.

OPINION BY MR. JUSTICE FRAZER, April 25, 1921:

Plaintiff is now, and has been since 1891, a member in good standing of the Police Beneficial Association of the City of Philadelphia. In the original certificate issued to him by the association he named as beneficiaries his wife, Jennie Bell, and his children. Jennie Bell died in 1914 and subsequently, upon his direction, a new certificate was issued in which he named his son and three daughters, the appellees, as the beneficiaries.

In 1918 plaintiff married a second time and later requested the association to change the beneficiaries in its certificate by naming his present wife, Nellie E. Bell, as sole beneficiary, in lieu of his son and daughters. Upon appellees objecting to the change being made and refusing to deliver for cancellation the certificate issued in their favor, which they held, plaintiff applied to the association to have the change made without the surrender of the existing certificate. This the association refused to do on the ground that consent of the beneficiaries was necessary before a new one could be designated. Plaintiff then filed this bill against the association and

his son and daughters, asking that the latter be enjoined from claiming any interest in the certificate and that they be required to surrender the same for cancellation and that the former be directed to issue a new certificate naming his present wife, Nellie E. Bell, as sole beneficiary. The court below dismissed the bill, from which order plaintiff appealed.

The purpose of the association, as stated in its charter, is to maintain a society "for the mutual benefit and protection of its members and to provide from moneys collected therein a fund to be paid over on the death of any member to his widow or orphans, and such or either of them, or such other person or persons as the member may have designated, and the manner of such designation, and, in default of such designation, to such person or persons as the by-laws of the association may direct." The by-laws adopted in accordance with the authority contained in the charter designate the persons to whom benefits shall be payable and provide that transfers may be made of certificates "heretofore issued either to his wife, child or children,......consent in writing, however, to be had of all the living beneficiaries named therein," except in specified instances unconnected with the facts of the present case, with a further provision that "when a certificate has been made payable to the member's wife and child or children, and the wife subsequently dies, the member, should he remarry, shall have the right to have the name of his then wife substituted for that of the deceased wife without the consent of the child or children named in the certificate." A plan of procedure was also provided covering cases where a change is desired and it appears the certificate is in possession of the beneficiary, who refuses to surrender it. This provision, however, is limited to cases where the desired cancellation or change is "in accordance with and as authorized by the by-laws" and does not affect other provisions requiring consent of the beneficiary in particular cases. Defendant association averred its willing-

ness to issue a new certificate payable to the wife and son and daughters, refusing, however, to make one payable to the wife alone, in absence of the consent of the beneficiaries named in the outstanding certificate.

We find no conflict between the provisions of the charter and by-laws of the association. The language of the charter is general and merely states the purpose, inter alia, to provide a fund for the benefit of members and their widows or orphans "or such other person or persons as the member may have designated and in the manner of such designation," and in default of such designation to such person as the by-laws may direct. This provision is entirely consistent with the right of the association to adopt by-laws governing the practice and procedure in case a member desires to change a named beneficiary, and will be given a broad and liberal construction so as to accomplish the general object of the association: Maneely v. Knights of Birmingham, 115 Pa. 305, 309; Compton's Est., 25 Pa. Superior Ct. 28. A beneficiary named in a certificate acquires no vested interest, either in the certificate or its proceeds during the lifetime of the member; he merely has an expectancy which does not become a vested right until the death of the assured: Noble v. Police Beneficiary Assn., 224 Pa. 298; Birnie v. Birnie, 67 Pa. Superior Ct. 74. Consequently, it is within the power of the member to change the beneficiary whenever he chooses to do so, subject, however, to the qualification that such right must be exercised strictly in accord with the by-laws of the association, otherwise the latter is not bound to recognize the new beneficiary: Vollman's App., 92 Pa. 50; Masonic Mutual Assn. v. Jones, 154 Pa. 107; Hunter v. Firemen's, etc., Assn., 20 Pa. Superior Ct. 605. It being undisputed that plaintiff failed to comply with the rules requiring the consent of the beneficiaries named in the existing certificate to the issuing of a new certificate in favor of a new sole beneficiary, the decree of the court below dismissing the bill was properly entered.

Decree affirmed at costs of appellant.