Hulick, Appellant, *v.* Ellenberger et al.

Argued April 15, 1932. Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige and Parker, JJ.

*Martin Crossant*, for appellant.

No appearance or printed brief for appellee.

Opinion by Baldrige, J., July 14, 1932:

Thomas M. Hulick, late of Pittsburgh, died, intestate, on April 9, 1930, leaving to survive him a widow, to whom letters of administration were granted, and four children, all of full age. The deceased was a member, in good standing, of the Patriotic Order Sons of America, an unincorporated beneficial association. At the time of Hulick's death, $500 benefits were due from the association. A dispute arose as to whom they were payable, as Hulick failed to designate a beneficiary in accordance with the constitution and by-laws of the association.

Mary Hulick, the widow, filed a bill in equity, praying the court to award her the benefits due from the defendant association. The defendants, as stakeholders, presented a petition to the court, averring that the plaintiff had demanded the payment to her, individually, of the sum of $500, and the children insisted that it be paid to her as administratrix, and prayed that they be permitted to pay the money in dispute into court; whereupon, the prayer was granted and the money duly paid into court. The learned court below adjudged and decreed that the money in the custody of the court of common pleas of Allegheny County be paid to Mary Hulick as administratrix of the estate of Thomas M. Hulick; thereupon, this appeal followed.

The appellant contends that by paying the money into court, the association waived the only rights that existed to defeat her claim, and, therefore, the court should have ordered the fund paid to her. In support of this position, the appellant cites P. R. R. Co. v

Wolfe, 203 Pa. 269. In that case, the facts were entirely different as the question involved was whether the evidence established that the sister, beneficiary named in the benefit certificate, or the widow was entitled to the fund. The Supreme Court, later, in Grant v. Faires, 253 Pa. 232, 239, in repudiating a statement in the Wolfe case, to the effect that the deposit of the fund in court constituted such a waiver on the part of the society as to change the legal rights of claimants, stated: "For, in our opinion, a society which is legally liable to pay money to one of two parties, and not knowing to which, pays it to a stakeholder, that the law may determine to whom it belongs, has not waived any right. Under such circumstances to pay the fund into court or to a stakeholder is proper practice and thereby no rights are lost."

As no beneficiary was named to receive the money, the court, with full authority to act, very properly ordered it to be paid to the administratrix.

Decree of the lower court is affirmed.