## Stockberger *v.* Maag, Appellant.

Argued October 17, 1935.

Before KELLER, P. J., BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*James R. Wilson,* with him *O. Rodger Melling,* for appellant.

*Herman H. Yaffe,* for appellee.

OPINION BY RHODES, J., February 28, 1936:

This is an interpleader to determine who is entitled to a fund paid into court by the Police Beneficiary Association and the Prudential Insurance Company of America. The plaintiff is Elizabeth Stockberger, guardian ad litem of Doris E. Stockberger, and the defendant is Conrad J. Maag, guardian of the estate of Catherine Stockberger. Doris E. Stockberger is the daughter of Charles H. Stockberger, who died on July 14, 1933, and Catherine Stockberger is his widow, having been his second wife. The fund is the proceeds of

a beneficiary certificate issued to him as a member of the Police Beneficiary Association. The Prudential Insurance Company of America is the reinsurer. The action was tried before WALSH, J., without a jury, who found for the plaintiff. Defendant's motions for new trial and judgment n. o. v. were refused, and judgment was entered on the findings in the amount of $666.66. Defendant appealed.

On May 31, 1911, Stockberger, who was a police officer of the city of Philadelphia, applied for membership in the Police Beneficiary Association and for a beneficiary certificate to be issued to him by the association, the fund provided therein to be paid at his death to his wife, Ida Rose Stockberger. Certificate was issued on June 15, 1911. Ida Rose Stockberger died on October 20, 1918. On November 29, 1918, Stockberger revoked his previous directions as to the payment of the beneficiary fund due at his death, and directed payment to be made to Elizabeth Stockberger, guardian for Ida May and Doris E. Stockberger. On December 13, 1918, certificate was issued by the association, wherein Elizabeth Stockberger, guardian for Ida May and Doris E. Stockberger, children of Charles H. Stockberger, was designated beneficiary. Stockberger subsequently surrendered this certificate, and it was canceled by the association. On May 1, 1923, he again made application for membership in the association and for a beneficiary certificate to be issued to him by the association, and for the beneficiary fund to be paid at his death to his wife, Catherine Stockberger. On May 29, 1923, a new certificate was issued by the Police Beneficiary Association to Charles H. Stockberger reciting: "Whereas, Charles H. Stockberger hath applied for and been admitted to membership in the Police Beneficiary Association, of the City of Philadelphia ...... Now this beneficiary certificate witnesseth that the said Police Beneficiary Association

...... do hereby covenant and agree to and with him to pay, upon due proof being made to them of his death to Catherine Stockberger, his wife, the person or persons designated to receive the same, the sum of two thousand dollars in full settlement of all claims, demands, right, title and interest upon said association by surrender of beneficiary certificate."

On April 24, 1923, the Prudential Insurance Company of America, under a group insurance policy insuring the members of the Police Beneficiary Association and in accordance therewith, issued a certificate, insuring the life of Charles H. Stockberger for the amount of $2,000, in which Catherine Stockberger was also designated as beneficiary. The entire fund of $2,000 was claimed by Conrad J. Maag, guardian of Catherine Stockberger who had been declared weak-minded, and one-third of the same was claimed by Elizabeth Stockberger, guardian ad litem of Doris E. Stockberger, by reason of the certificate of the Police Beneficiary Association, dated December 13, 1918, which had been surrendered and canceled.

As to transfer of certificate and change of beneficiary, Section 5, Article 9, of the association's by-laws provides, inter alia, as follows:

"A member may transfer his certificate heretofore issued either to his wife, child or children, heirs-at-law, parent or parents, brother or brothers, sister or sisters, affianced wife, or the person or persons dependent upon the member, consent in writing, however, to be first had of all the living beneficiaries named therein, excepting, however, that when a certificate has been made payable to a member's parent or parents, brother or brothers, sister or sisters, uncle or uncles, aunt or aunts, cousin or cousins, nephew or nephews, niece or nieces, and such member subsequently marries, the member can substitute the name of his wife, and this without the consent of the parent or parents, brother or brothers, sister or

sisters, uncle or uncles, aunt or aunts, cousin or cousins, nephew or nephews, niece or nieces, named in the certificate, and excepting also, however as hereinafter provided.

"A beneficiary who is a minor cannot consent to the transfer of a certificate in which he or she is named as beneficiary."

Two witnesses testified at the hearing in the court below. George W. Brown, chairman of the board of trustees of the Police Beneficiary Association, testified that he handled the transaction in 1923 with Charles H. Stockberger; that he afterwards learned that the changes made were contrary to the by-laws; that he asked Stockberger to return to him the certificate which had been issued, so that the proper changes could be made; that Stockberger did not return the new certificate; that he told Stockberger, in the event of his death, the fund would be divided into three parts; that the old certificate was returned to the association and the new one issued and delivered to Stockberger; and that no action was taken by the association relative to the new certificate.

The other witness who testified was Sydney P. Lewis, secretary of the Police Beneficiary Association since December 15, 1925. He testified that Stockberger paid his dues regularly on the new certificate, without any objection upon the part of the association, until his death; that since he was secretary he never made any demand on Stockberger to return the certificate of 1923; and that the certificate of 1918 had been canceled. The witness also testified that wherever a beneficiary was changed, or an additional beneficiary added, a new certificate was issued by the association.

The court below, in its opinion dismissing defendant's motions for new trial and judgment n. o. v., held that, the plaintiff being a minor child of the deceased member, there was no right of change of beneficiary by the

deceased; that plaintiff had a vested interest under the certificate dated December 13, 1918; and that "the by-laws definitely removed from the officers the power to change the beneficiary ...... and ...... the issuance of the new certificate was at best an unauthorized act ...... and ...... no new contract was created between the association and the member."

We recognize the correctness of appellee's contention that the payment of the fund into court waived no rights, and that thereby no rights of any one were lost. Hulick v. Ellenberger et al., 105 Pa. Superior Ct. 534, 161 A. 576; Grant v. Faires, Ex'r, 253 Pa. 232, 97 A. 1060. But that proposition does not affect or control the disposition of the instant case.

(1) In the case at bar, neither the association nor the plaintiff has any standing to attack the validity of the certificate dated May 29, 1923.

Brown testified that the new certificate was issued in ignorance of the provisions of the by-laws, and that he requested Stockberger to return it. However, Stockberger filed a new application in 1923 for membership in the association and for the issuing of a certificate payable to his wife Catherine as beneficiary. This certificate was duly executed and delivered by the officers of the association, and the certificate of 1918 was surrendered and canceled. The association took no action and did not attempt to cancel the certificate issued. The testimony of an officer of the association to the effect that the by-laws were not complied with by him cannot now invalidate a certificate which was recognized by the association for ten years prior to the death of the member who, during that time, regularly paid dues thereon. The facts in the case of Noble v. Police Beneficiary Association, 224 Pa. 298, 73 A. 336, are similar to the facts in the instant case. In that case a certificate was issued to James Noble, one of the members of the association, in which his sister was

named as beneficiary. He subsequently surrendered the certificate to the association, and, on his application, another was issued to him. In the second certificate his wife was named as beneficiary. Both the widow and the sister claimed the fund. The court held, page 302: "Even if the issuing of the second certificate is to be regarded as a violation of the by-laws of the association, it would be estopped from questioning the regularity of that certificate, for, by issuing it, it waived all provisions in the by-laws as to transfers. If those by-laws were not complied with, can this appellant raise any question as to their violation? As stated, the certificate was never delivered to her, and before the time that she had acquired any rights under it, it was returned to the association. If the second one was issued in disregard of the by-laws of the association, that disregard prejudiced no rights of the appellant, for she had no rights at that time. The by-laws were made solely for the convenience and protection of the association. Regulations concerning the method of changing beneficiaries are adopted for the protection of the society, and if it has, by waiver or estoppel, lost the right to object to a change in the name of the beneficiary, no one else may raise that objection; and if a change of beneficiaries has actually been consummated and acted on by the society in the member's lifetime, the original beneficiary has no standing to attack the change, because not made in compliance with the regulations of the society." See Supreme Council of the Royal Arcanum v. Sue B. Behrend, 247 U. S. 394, 38 S. Ct. 522, 62 L. Ed. 1182.

Section 5, Article 9, of the by-laws provides that a beneficiary who is a minor cannot consent to the transfer of a certificate in which he or she is named as beneficiary, and this section sets forth how a member may transfer his certificate. But, in this case, there was no transfer of the certificate, nor was there any change

made in the beneficiary of an existing certificate. There was a change of beneficiary in the certificate issued to Stockberger on June 15, 1911. After the death of his first wife, he made the beneficiary the guardian of his two daughters, and, although a new certificate was issued on December 13, 1918, no new application was filed. In 1923 a different procedure was followed. The certificate of 1918 was surrendered and canceled; the member made a new application on May 1, 1923, and on May 29, 1923, the new beneficiary certificate was issued. This constituted a new transaction between the association and the member Stockberger. As was said in the case of Noble v. Police Beneficiary Association, supra, 224 Pa. 298, page 302, 73 A. 336, page 337: "He did not 'transfer' the certificate to another without the consent of the beneficiary named in it, to whom it had not been delivered, but, still having possession of it, surrendered it to the association. He then made application for a new certificate and a new contract was entered into between him and the association, in pursuance of which the certificate was issued to him, naming his wife as the beneficiary."

(2) The plaintiff beneficiary, Doris E. Stockberger, had no vested interest in the certificate of 1918. "A beneficiary named in a certificate or policy issued by a beneficial association acquires no vested interest in it, nor a right to anything, during the lifetime of the member to whom it is issued, but merely an expectancy, which does not become a vested or absolute right to the proceeds of the certificate or policy until the death of the assured: Fischer to use v. American Legion of Honor, 168 Pa. 279 [31 A 1089]; Brown v. Ancient Order of United Workmen, 208 Pa. 101 [57 A. 176]; Supreme Conclave, Royal Adelphia, v. Cappella et al., 41 Fed. Repr. 1. ...... During the lifetime of a member of a beneficial association to whom a beneficial certificate is issued the beneficiary named in it is a

mere volunteer, having no contractual relations either with the association or the assured. The contract is between the association and its member alone": Noble v. Police Beneficiary Association, supra, 224 Pa. 298, page 301, 73 A. 336, page 337.

A certificate of a beneficial association is unlike an ordinary life insurance policy, and creates no vested interest in the beneficiary named therein during the lifetime of the member to whom it was issued. Brown v. Ancient Order of United Workmen, 208 Pa. 101, 104, 57 A. 176, 177. It has been repeatedly stated that such beneficiary acquires no vested or legal rights in the certificate until the death of the assured. Bell v. Police Beneficiary Association et al., 270 Pa. 407, 411, 113 A. 417, 418; Grant v. Faires, Ex'r, supra, 253 Pa. 232, 238, 97 A. 1060, 1062; Birnie v. Birnie, 67 Pa. Superior Ct. 74, 78; Id., 68 Pa. Superior Ct. 58; Haller v. Haller, 45 Pa. Superior Ct. 409, 414; Supreme Council of the Royal Arcanum v. Sue B. Behrend, supra.

The court below, in holding that the interest of the plaintiff beneficiary was vested, cites as authority the case of Knoche, Adm'r v. Mutual Life Insurance Co. of New York, 317 Pa. 370, 176 A. 230. That case involved a policy issued by a life insurance company, and does not overrule Noble v. Police Beneficiary Association, supra. There is a distinction which has long been recognized between certificates of beneficial associations and policies of life insurance companies. See Commonwealth v. Equitable Beneficial Association, 137 Pa. 412, 18 A. 1112; Northwestern Masonic Aid Ass'n of Chicago v. Jones et al., 154 Pa. 99, 26 A. 253; Fischer v. American Legion of Honor, 168 Pa. 279, 31 A. 1089; Heasley v. Heasley, 191 Pa. 539, 43 A. 364; Lafferty v. Supreme Council Catholic Mut. Ben. Ass'n, 259 Pa. 452, 103 A. 280; Hayes v. German Beneficial Union, 35 Pa. Superior Ct. 142; Cimprich v. Pennsylvania Railroad Co., 119 Pa. Superior Ct. 5, 180 A. 51.

The case of Knoche, Adm'r v. Mutual Life Insurance Co. of New York, supra, does not change the rule relative to beneficial certificates issued by beneficial associations.

We are of the opinion that the court below erred in finding for the plaintiff. Neither the law nor the facts warrant the finding of the court below. Defendant's motion for judgment n. o. v. on the whole record should have been granted. The second assignment of error is sustained.

Judgment is reversed, and is here entered for the defendant.