SIMON O'LEARY, et als. *vs.* EMILE J. MENARD, et als.

Penobscot.    Opinion January 27, 1919.

*General rule as to reversing the decision of single Justice in equity cause upon issues of facts.    Rule as to decisions of sitting Justice upon questions of law. Meaning of word "dependent."*

The presiding Justice sitting in equity held that Margaret O'Leary, an adult sister of William S. O'Leary, was a dependent of the latter so as to entitle her to the death benefit provided for by the constitution of the Cigar Makers International Union, of which unorganized society William was a member at the time of his decease.    The case comes to the Law Court on appeal.

The appellee relies upon cases holding that the decision of a single Justice in equity will not be reversed unless clearly erroneous, and that the burden of showing such error is on the appellant.

*Held:*

1.   That this rule is true as to issues of fact where the sitting Justice enjoys the opportunity denied to the Law Court of observing and hearing witnesses by whom the facts are established.

2.   In passing upon questions of law, the presiding Justice occupies no such vantage ground.    The opinion of the single Justice may produce conviction, but upon issues of law it brings with it no presumption.

3.   The meaning of the word "dependent" as judicially interpreted in this and other States rests upon duty, not bounty; upon continuing obligation, not occasional giving; upon services imposed or undertaken, not upon favors voluntarily bestowed.    True, the duty or obligation which it comprehends may be moral rather than legal, but the impulse that moves a brother to make gifts to his adult sister does not create the relation of dependency as the term is judicially defined.

Bill in equity to compel defendant to pay to plaintiff certain death benefits.    Cause was heard upon bill, answer, replication and evidence.    From the decree of sitting Justice, defendant entered an appeal.    Judgment in accordance with opinion.

Case stated in opinion.

*Edward P. Murray,* for plaintiffs.

*Morse & Cook,* for defendants.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, WILSON, DEASY, JJ.

DEASY, J.   William S. O'Leary, who died August 11, 1916, was a member and the defendants are members of the Cigar Makers International Union, an unincorporated society.   The constitution of this society, by a provision having the force of a contract between its members, creates a death benefit, payable as follows:   A member may in writing designate the beneficiary.   If no such designation is made the benefit goes to his widow or minor children.   If no widow or minor children "then to any relative of the deceased member who at the time of his death were dependent for support, in whole or in part, upon such deceased member."   William O'Leary did not in writing designate a beneficiary.   He was unmarried.   Margaret, his youngest sister, was twenty-one years old and unmarried at the date of her brother's death.   She and her brother William both lived in their father's family.   William's earnings considerably exceeded those of his father.   In 1916 Margaret was not a wage earner.   Simon O'Leary, the father, referring to his son, William, testified:   "He helped Margaret.   Bought her shoes, clothed her, gave her spending money and like that."   Margaret herself gave testimony that her brother William had helped her from the time he began to earn money until the time of his death.   "He bought things I needed.   He gave me spending money and music lessons for awhile.   He gave me the money for anything I had to have."   It also appeared in testimony that he paid money to his mother and helped other members of the family.   The Justice sitting in equity who heard the case ruled that,

"At the time of the death of William S. O'Leary his sister, the plaintiff Margaret O'Leary, while neither completely dependent upon him for support nor yet so dependent in a strict legal sense was, nevertheless, in a material degree regularly partially dependent for support upon him."

The case comes to the Law Court on appeal by the defendants.

The appellee cites and relies upon a line of cases holding that the decision of a single Justice in an equity cause will not be reversed by the Law Court unless clearly erroneous, and holding further that the burden of showing such error falls upon the appellant.   This is true as to issues of fact, where the sitting Justice enjoys the opportunity

denied to the Law Court of observing and hearing witnesses by whom the facts are established. In passing upon questions of law he occupies no such vantage ground. The opinion of the single Justice may produce conviction, but upon issues of law it brings with it no presumption.

The issue in this case is one of law. It rests upon the interpretation of the meaning of the word "dependent" in a written contract and the application of that interpretation to undisputed facts. The decision must be rendered in accordance with established legal principles.

The word "dependent" as used in this connection has been defined by this and other courts. As thus judicially interpreted it rests upon duty, not bounty, upon continuing obligation not occasional giving, upon service imposed or undertaken not upon favors voluntarily bestowed. True, the duty or obligation which it comprehends may be moral rather than legal, but the impulse that moves a brother to make gifts to his adult sister does not create the relation of dependency as the term is judicially defined.

The case of *Supreme Lodge, N. E. O. P.,* v. *Sylvester,* 116 Maine, 1, in which case dependency was held not to exist, is decisive of the case at bar. The details differ but the essential facts are the same. In both the element of duty or obligation is wanting. For reasons set forth and upon authorities cited in the opinion in that case we hold that Margaret O'Leary was not a dependent of her deceased brother, William.

*Appeal sustained.*
*Bill dismissed.*
*No costs.*