## Overbeck v. Overbeck, Appellant.

*Life insurance—Insurable interest—Husband and wife.*

A man may insure his own life, paying the premiums himself for the benefit of another, who has no insurable interest, and such a transaction is not a wagering policy: Scott v. Dickson, 108 Pa. 6.

A policy was taken out by William H. Overbeck upon his own life "payable at his death to his wife, Mary Overbeck, or to the heirs at law of said William H. Overbeck." The Mary Overbeck mentioned in the policy was not the legal wife of the assured, by reason of his prior marriage with another. *Held*, that Mary Overbeck was entitled to the amount of the policy.

Not decided whether a woman who marries a man, in ignorance of the fact that he had previously contracted a legal marriage with another woman who is still in full life, and from whom he had never been divorced, has an insurable interest in his life.

Argued Oct. 11, 1892. Appeal, No. 195, Oct. T., 1892, by

defendants, Jennie F. Overbeck et al., from judgment of C. P. Cambria Co., Sept. T., 1891, No. 235, on verdict for plaintiff, Mary Overbeck.   Before PAXSON, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Feigned issue to determine ownership of fund paid into court by life insurance company.

The jury found the following special verdict: " That a ceremony of marriage was duly performed between William H. Overbeck and Miss Jennie F. Black on the 26th of July, 1875, in the city of Philadelphia; that as the result of said marriage the following children were born: Blanch B., on the 31st of August, 1876; Sallie M., on the 8th of June, 1878; William J., on the 2d of October, 1879; that they lived and cohabited together as husband and wife until the latter part of July, 1879; that William H. Overbeck then went to the city of Johnstown, where he engaged in his occupation as a plumber and remained until he lost his life in the flood of May 31, 1889; that during the time he was living in Johnstown he visited Philadelphia and his family occasionally; that he contributed to the support of his family in Philadelphia for about two years after he went to Johnstown and subsequently at intervals up to the time of his death; that on the 5th of January, 1881, a marriage ceremony was celebrated between the said William H. Overbeck and Mary Robb, at Pittsburgh; and as the fruits of said marriage there was a son born to them on the 28th of December, 1885; that from August following he and she continually lived and cohabited together as husband and wife, residing at several different boarding places and several years keeping house, he constantly introducing her to and holding her out to his friends and acquaintances as his wife, and they being commonly reputed in the city of Johnstown as husband and wife up until the day of his death; that on the 14th of June, 1886, William H. Overbeck effected an insurance on his life in the Northwestern Masonic Aid Association in the sum of $2,500, payable at his death to his wife—Mary Overbeck—or to the heirs at law of said William H. Overbeck, and that he showed Mary Overbeck the policy of insurance in the Northwestern Masonic Aid Association, and said to her that it was for her."

The court entered judgment for plaintiff on the verdict, in an opinion by BARKER, P. J.

*Error assigned* was entry of judgment as above.

*Henry H. Kuhn, John P. Linton* and *M. J. O' Callaghan* with him, for appellants, cited : Warnock v. Davis, 14 Otto, U. S. 775 ; Corson's Ap., 113 Pa. 438 ; Association v. Norris, 115 Pa. 446 ; Grant v. Kline, 115 Pa. 618; Heffner v. Heffner, 23 Pa. 104 ; Hunt's Ap., 86 Pa. 294 ; Insurance Co.'s Ap., 113 Pa. 204 ; Thomas v. Thomas, 124 Pa. 646 ; Lodge v. Elsner, 26 Mo. Ap. 108; Swan v. Scott, 11 S. & R. 155; Thomas v. Brady, 10 Pa. 170 ; Hipple v. Rice, 28 Pa. 406 ; Holt v. Green, 73 Pa. 201 ; Johnson v. Hulings, 103 Pa. 498.

*W. Horace Rose*, for appellee, not heard, cited : Scott v. Dickson, 108 Pa. 6 ; Corson's Ap., 113 Pa. 438 ; Mueller Est., 32 Pitts. L. J. 326.

PER CURIAM, January 3, 1893 :

We need not discuss the question whether a woman who marries a man in ignorance of the fact that he had previously contracted a legal marriage with another woman who was still in full life, and from whom he had never been divorced, has an insurable interest in his life. No such question is presented by this record. While it is clear from the facts found by the jury in their special verdict that Mary Overbeck, the appellee, was not the legal wife of William H. Overbeck, by reason of his prior marriage with the appellant, Jennie F. Overbeck, yet it also appears by the verdict that the appellee did not take out a policy upon the life of her reputed husband. The policy was taken out by the latter upon his own life " payable at his death to his wife, Mary Overbeck, or to the heirs at law of said William H. Overbeck." It is certain that Overbeck did not intend the proceeds to go to the appellant in case of his death, although she was his lawful wife. On the contrary, he designated the appellee, Mary Overbeck, as the beneficiary, and as she is living and the first named, she cannot be passed by for " the heirs at law." It was held in Scott v. Dickson, 108 Pa. 6, that a man may insure his own life, paying the premiums himself, for the benefit of another who has no insurable inter est, and that such a transaction is not a wagering policy.

Judgment affirmed.