# Mikesell, Appellant, v. Mikesell.

*Beneficial associations—Beneficiaries—Right to death benefits—Foreign corporation—Foreign statute—Interpleader.*

1. Where a foreign beneficial association pays death benefits into court in an interpleader for the use of such party as the law shall declare to be entitled to the benefits, it is an essential rule to look to the law of the state where the beneficial society was created, and to read it into the contract, in determining the validity of the designation of the beneficiary in the beneficial certificate.

2. Under the Ohio statute relating to beneficial associations it is provided that "beneficiaries who take death benefits shall be confined to the family, heirs, relatives by blood, marriage or legal adoption, affianced husband or affianced wife, or to a person or persons dependent on the member." A member directed the certificate for death benefits to be made payable to a woman named as his wife, "or his legal heirs." After the death of the member the association discovered for the first time that the woman named as beneficiary although she had lived with the member apparently as his wife, was in fact the undivorced wife of another man then living. The member's father was his legal heir. The association paid the fund into court in an interpleader proceeding. *Held*, that the father and not the alleged wife was entitled to the fund.

Argued April 28, 1909. Appeal, No. 178, April T., 1909, by plaintiff, from judgment of C. P. No. 4, Allegheny Co., Third Term, 1907, No. 554, for defendant on case tried by the court without a jury in suit of Ada B. Mikesell v. George A. Mikesell. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Feigned issue and interpleader to determine right to death benefits.

The case was tried by COHEN, J., under the Act of April 22, 1874, P. L. 108.

The court entered judgment for defendant on feigned issue.

*Error assigned* was in entering judgment for defendant on the feigned issue.

*Horace J. Miller*, for appellant.—Only the beneficiary designated in the policy has standing to claim death benefits;

if the designated beneficiary cannot take, the benefit lapses:
Solis v. Blank, 199 Pa. 600; Hamill v. Supreme Council of Royal
Arcanum, 152 Pa. 537; Beers v. Robinson, 9 Pa. 229; Hind v.
Holdship, 2 Watts, 104; Kountz v. Holthouse, 85 Pa. 235;
Adams v. Kuehn, 119 Pa. 76; Delp v. Brewing Co., 123 Pa. 42.

The association having paid the fund in controversy into
court, in the common domicile of the claimants for adjudica-
tion, the question depends not upon whether the lex fori or the
lex loci should prevail, upon the construction of the policy it-
self under which the parties claim: Brown's App., 125 Pa. 303;
Com. v. National Mut. Aid Assn., 94 Pa. 481; Hamilton v. Ins.
Co., 5 Pa. 339; Equitable Life Assurance Society v. Clements,
140 U. S. 226 (11 Sup. Ct. Repr. 882); National Mut. Aid So-
ciety v. Lupold, 101 Pa. 111.

Although the beneficiary designated in the policy is the only
person who can claim death benefits, yet in this case, as between
the designated beneficiary and the association, the right is de-
feasible: Smith v. B. & O. R. R. Co., 81 Md. 412. (32 Atl. Repr.
181).

The right to defeat the claim of Ada B. Mikesell belongs only
to the association, and it can waive its right. Payment of the
money into court constitutes a complete waiver of the fraud
and of the noncompliance with the regulations: Brown's App.,
125 Pa. 303; Johnson v. Knights of Honor, 53 Ark. 255 (13 S. W.
Repr. 794); Maguire v. Supreme Council, 59 App. Div. 143; Mar-
key v. Supreme Council, 74 N. Y. Supp. 1069; Bacon v. Charl-
ton, 61 Mass. 581; Dyer v. Ashton, 1 B. & C. 4; Huntington
v. American Bank, 23 Mass. 340; White v. Turner, 217 Pa. 25;
Taylor v. Hair, 112 Fed. Repr. 913.

*Ernest C. Irwin,* with him *Watson & Freeman,* for appellee.—
The law of the state where a beneficial organization is incorpo-
rated must be read in connection with and as a part of the con-
tract; and in deciding who is a proper beneficiary, we must look
to the constitution and by-laws of the association and interpret
them by the statutes under which the association had its origin:
Harton's Est., 213 Pa. 499; Masonic Aid Assn. v. Jones, 154
Pa. 99; Parke v. Welch, 33 Ill. App. 188; American Legion of

Honor v. Perry, 140 Mass. 580; Supreme Lodge Knights of Honor v. Nairn, 60 Mich. 44 (26 N. W. Repr. 826); Rose v. Wilkins, 78 Miss. 401 (29 So. Repr. 397); Masonic Benevolent Assn. v. Bunch, 109 Mo. 560 (19 S. W. Repr. 25).

The decision of the Ohio courts puts the question out of doubt that one who sustains no relation to a deceased member other than that of mistress has no right to the fund which the insurance company admits to be due: State v. Relief Assn., 29 Ohio, 399; State v. Standard Life Assn., 38 Ohio, 281; State v. People's Mut. Benefit Assn., 42 Ohio, 579.

Where the beneficiaries are limited to a certain class and a member goes outside of the designated class and names someone not entitled to take, the benefits will be paid to the persons within the prescribed class and not to the person improperly named as beneficiary: Fodell v. Miller, 193 Pa. 570; Harton's Est., 213 Pa. 499; Burst v. Weisenborn, 1 Pa. Superior Ct. 276.

The payment of the money into court on an interpleader by the beneficial association was not an acknowledgment of the right of the plaintiff to recover: B. & O. R. R. Co. v. Veltri, 37 Pa. Superior Ct. 399; Keener v. Grand Lodge A. O. U. W., 38 Mo. App. 543.

The certificate is not made payable to plaintiff only, but to her or the lawful heirs of the deceased. Since she is not competent to take, the alternative provision operates, and the lawful heir of the deceased, that is, the defendant, is entitled.

OPINION BY ORLADY, J., July 14, 1909:

John B. Mikesell was, at the time of his death, a member in good standing of the Locomotive Engineers Mutual Life and Accident Insurance Company, a corporation regularly incorporated under the provisions of secs. 3631–16 of the annotated statutes of Ohio. Its declared object being "to transact a business of life and accident insurance on the assessment plan, for the purpose of mutual protection and relief of its members; and for the payment to the family, heirs, relatives by blood, marriage or lawful adoption, affianced wife, or to person or persons dependent upon the member of said association."

At the time of the death of John B. Mikesell, which occurred

March 13, 1907, the policy in suit, which was in the sum of $1,500, became due and payable by its very terms. Ada B. Mikesell was named as beneficiary, and is therein designated, as the wife of John B. Mikesell. On July 3, 1907, she brought an action of assumpsit against the association based upon this insurance policy, and on August 2, 1907, a petition was presented on behalf of the association, and a rule was granted on the plaintiff to show cause why she and George A. Mikesell should not interplead, as to the subject-matter of the action, and why the insurance company, defendant, should not have leave to pay the money or fund into court. This rule was finally made absolute, and by direction of the court, Ada B. Mikesell and George A. Mikesell having appeared in answer to the rule, and the court having fully considered the case, it was ordered that Ada B. Mikesell and George A. Mikesell interplead and that the insurance association have leave to pay the money into court, and further it was ordered that a feigned issue be awarded, in which Ada B. Mikesell should be plaintiff, and George A. Mikesell the defendant to determine the right of property in said fund.

When the case was called for trial, the parties agreed in writing to waive a trial by jury, and to have it heard by the judge of the court, under the act of assembly in such case made and provided. Certain facts were submitted as being agreed to and no oral testimony was offered. Among the important ones were the following, in addition to those above stated; 5. That the said John B. Mikesell was never married; that his mother is dead; that George A. Mikesell is the father of said John B. Mikesell. 6. That Ada B. Mikesell never was the wife of John B. Mikesell, either by marriage performed or by common law marriage, and that she was at the time of the death of John B. Mikesell, and at all times while living with him, the lawful, undivorced wife of another man then living. 7. It is further agreed, that the insurance company did not know at the time the policy was issued that Ada B. Mikesell was not the wife of John B. Mikesell, but became cognizant of the fact for the first time, when the interpleader was asked for and the money paid into court.

After hearing, the court below ordered and directed that the fund in court, less the legal costs of the prothonotary, be paid to the defendant in the case, George A. Mikesell, and entered a judgment in his favor therefor.

The designation of Ada B. Mikesell as wife, was a violation of the fundamental laws and rules of the insurance company, and could only have resulted through a fraud perpetrated on it. While the association is not a party to this issue, it having paid into court the amount admitted to be due on the certificate of membership, for the use of such party as the law shall declare to be entitled to it, it is an essential rule to look to the law of the state where the beneficial society was created and to read it into the contract, in determining the validity of the designation in the beneficial certificate. This rule has been followed in Parke v. Welch, 132 Ill. App. 188; American Legion of Honor v. Perry, 140 Mass. 580; Supreme Lodge v. Nairn, 60 Mich. 44; Rose v. Wilkins, 78 Miss. 401; Masonic Benevolent Assn. v. Bunch, 109 Mo. 560; and in our own state, in Masonic Aid Assn. v. Jones, 154 Pa. 99; Fodell v. Miller, 193 Pa. 570; Harton's Est., 213 Pa. 499. In this last case the court states that it is clear the object of the assured was to conceal the real nature of the transaction, in the belief that a full disclosure of it would result in a refusal of the company to sanction it. The relation between Harton and the association was contractual, and the contract is to be interpreted in the light of conditions existing when it was entered into. The association was a beneficial society organized under the laws of the state of Ohio. The act authorizing associations of this character expressly indicated the purposes and objects of the same, and to this extent places a limitation upon their powers and privileges. The purpose and objects as expressed by the act are for the mutual protection and relief of the members, and for the payment (as in this case) to the family, heirs, relatives by blood, marriage or legal adoption, affianced wife or to a person or persons dependent upon the member of said association, stipulated amounts, etc.

The Ohio statute in regard to beneficiaries entitled to take, reads as follows: "Beneficiaries who take death benefits shall

be confined to the family, heirs, relatives by blood, marriage or legal adoption, affianced husband or affianced wife, or to a person or persons dependent on the member," 2 Bates's Anno. Stat., 2004, and, printed on the back of the constitution and statute of the association, of which John B. Mikesell was a member, it is declared, "Beneficiaries must be limited to the classes named in sec. 1 of the by-laws, which is a verbatim copy of the laws of Ohio, under which we are incorporated."

A special designation may be invalid, but the benefit will not lapse. Naming a person outside of any class is the same in legal effect as selecting no particular person, and when the fund is payable to one of the classes named by the association it must go to the person of the class for whom it was created, for the reason that it is not in the power of the member to divert it to a person not within the specified class. The wording of the certificate in this case is as follows "All payments or benefits that may accrue or become due by virtue of this policy will be payable to Mrs. Ada B. Mikesell, wife, or his legal heirs." The plain meaning of which is, that if Ada B. Mikesell should be dead or incapacitated for any reason whatever, then the money should go to the legal heir or heirs of the deceased. Inasmuch as she is incompetent to take, by reason of not being in any of the classes suggested, and is not the wife of John B. Mikesell, but admittedly the wife of another man, the alternative provision operates, and the lawful heir of the deceased, that is, the father as the legal heir, is entitled to the fund. The certificate as plainly directs payment to him in case Ada B. Mikesell is not entitled to take, as if his name had been mentioned in it.

The appellant, however, contends, independent of this phase of the case, that the right to defeat the claim of Ada B. Mikesell can be asserted only by the association, and that the payment of the money into court constituted a complete waiver of fraud and noncompliance with the regulations. The question was before the court in B. & O. R. R. Co. v. Veltri, 37 Pa. Superior Ct. 399, in which we held that the fund was properly in court to be distributed in accordance with the law. In Brown's App., 125 Pa. 303, the principle was announced that

where a company comes into this state and pays money into court for the benefit of the parties entitled to it, and both parties claiming it are residents of this commonwealth, the fund being in the possession of the court of common domicile, the construction of the contract under which both parties claim, is to determine the distribution of the fund.

In Hall v. Blackburn, 173 Pa. 310, in referring to the effect to be given the payment of money into court, it was argued that it was an acknowledgment of the plaintiff's right of action, but it was held that whatever may have been the legal consequences of such payment in ancient pleading, no such effect as is claimed here is given it, as is said by SHARSWOOD, J., in Elliott v. Ins. Co., 66 Pa. 22. It waives the benefit of no defense, even if such defense be to the whole. It seems, therefore, that after the payment of money into court, there may be nonsuit, a judgment as in case of nonsuit, a demurrer to evidence, or a plea of puis darrein continuance, in short, that the cause goes on substantially in the same manner as if the money had not been paid in at all; in other words, the defendant is not precluded by it from taking a defense which goes to the whole cause of action.

In White v. Turner, 217 Pa. 25, a feigned issue was framed to determine the right to a fund in court, where a number of preferences were alleged, and the Supreme Court held, "The board by payment into court declined to raise them, and the appellant is not in position to do so. And the evidence as to litigation against the school board was irrelevant for the same reason. At the trial, therefore, there was nothing but the alleged illegal preference. That depended on whether the contractors were insolvent when they gave the order, and whether plaintiff knew it at that time." In Penna. R. R. Co. v. Wolfe, 203 Pa. 269, a member of a relief association designated his wife as beneficiary, but her death occurring close after, he substituted his sister, and her name was put into the certificate as such under the rules of the association. Soon thereafter he married a second time, and left to survive him a widow, who claimed to be the beneficiary of the fund payable according to the rules of the relief association. In this case the money

was paid into court, and an issue was framed between the sister and widow to determine their rights to it. It was ascertained on the trial, that prior to his marriage to the widow, the claimant, had informed her of his relief insurance, and that upon the death of his first wife he had her name as beneficiary changed to that of his sister, and, that upon their marriage he would have her, Emma E. Wolfe, made beneficiary instead of his sister, and further that this was one of the considerations upon which the said Emma E. Wolfe agreed to become the wife of said Wolfe; that after the marriage he repeatedly promised to have her made the beneficiary in pursuance to this agreement before their marriage. The fund was awarded to the widow, for the reason that the moment the marriage contract was completed, the wife had an equitable claim to the certificate or to the benefit it represented, and when she married him she had a vested right in the benefit, a right not dependent on his will or whim, but one no longer in his power as between him and her, to confer or withdraw; she could not take back the consideration she gave; he could not give it back to her; he could only formally transfer to her that which by the consummation of the contract was hers. He ought, in form, the day of the marriage or immediately after to have done that. Equity will now treat that as done which ought to have been done: Broadrick v. Broadrick, 25 Pa. Superior Ct. 225.

In Barner v. Lyter, 31 Pa. Superior Ct. 435, this court stated, "Without undertaking to establish a general rule, that will apply to all cases, we think it safe to say that where the provision, as to such formalities is exclusively for the benefit of the company, and the company waiving its right to raise the objection, takes the position of a stakeholder, such noncompliance is not necessarily fatal in the claim of the new beneficiary in an issue between him and the original beneficiary, who was a mere volunteer."

In strict law, the right to the fund is in the beneficiary, and in this case, Ada B. Mikesell, falsely designated as wife, is not entitled to take by reason of her not being in any of the classes designated as proper in the certificate; hence the other provision

becomes operative, and George B. Mikesell, the father, is entitled, as was found by the court below.

The assignment of error is overruled. The judgment is affirmed.