## Dickerson, Admrx., Appellant, *v.* Midvale Beneficial Association.

*Beneficial associations — Beneficiaries — Designation of beneficiary.*

1. Where the by-laws of an unincorporated beneficial society provide for payments of death benefits to a beneficiary designated by the member, with nothing to indicate that they are to become a part of the deceased member's estate, no recovery can be had against the association by an administrator of the deceased claiming for the next of kin, nor by the next of kin directly even if no beneficiary was named, or the designation was fatally defective. Even if the fund were paid to a person not in fact the beneficiary named, the association would not subsequently be liable to the administrator or next of kin of the member.

2. Such an unincorporated beneficial society is not an insurance company, and the member and his beneficiary have only such rights as grow out of the rules of the society and the contract between the parties.

Argued March 24, 1919. Appeal, No. 248, Jan. T., 1919, by plaintiff, from decree of C. P. No. 4, Philadelphia Co., June T., 1917, No. 4143, dismissing bill in equity in case of Addie W. Dickerson, as Administratrix of the Estate of Manuel Andre Monteiro (sometimes called Manuel Monte), deceased, v. Midvale Beneficial Association and Peter McAnally et al. Before Brown, C. J., Frazer, Walling, Simpson and Kephart, JJ. Affirmed.

Bill in equity against an unincorporated beneficial society to compel the payment of death benefits.

The court in an opinion by Carr, J., dismissed the bill. Plaintiff appealed.

*Error assigned* was decree dismissing the bill.

*G. Edward Dickerson,* with him *John B. Edwards,* for appellant.—Where an unincorporated beneficial association assesses and collects a large sum of money from its

membership upon the death of a member who has made a defective and ineffectual designation of a beneficiary, a trust will result for the benefit of those legally and equitably entitled, in the absence of a provision in the by-laws for such a contingency: Com. v. Equitable Beneficial Assn., 137 Pa. 412; Blair v. Supreme Council, 208 Pa. 262.

Where a member names as his beneficiary "Brother Tony" and it is found that he had no brother bearing that name, a patent ambiguity arises and the appointment fails.

Where the by-laws of a beneficial association are silent as to the disposition of a fund specially collected upon the death of a member to be paid to his nominee, in case the same cannot be legally ascertained, such fund inures to the benefit of his estate or his heir at law, and should be defended against any unlawful taker.

*Robert T. McCracken,* with him *Roberts, Montgomery & McKeehan,* for appellees.—The plaintiff in this case has no standing to sue for the fund in controversy: Northwestern Masonic Aid Assn. v. Jones, 154 Pa. 99; Kelley's Est., 29 Pa. Superior Ct. 106; Spadoni v. Nat. Slavonic Assn., 15 Pa. Dist. Rep. 124.

This fund has been paid to the properly designated beneficiary: Hamner v. Griffith, 1 Grant 193; Pleasonton's Est., 232 Pa. 381; White's Est., 249 Pa. 115.

OPINION BY MR. JUSTICE WALLING, April 21, 1919:

This bill in equity is by an administrator to recover death benefits from a beneficial society. In 1883 the defendant was organized as an unincorporated beneficial association, made up exclusively of the employees of the Midvale Steel Company of Philadelphia, and so continued until 1916 when it became chartered as a Pennsylvania corporation. The deceased, Manuel Andre Monteiro (sometimes called Manuel Monte), an employee of the company, became a member of the society in 1910,

and so continued until his accidental death in 1911. In his application for membership he was entitled to and did designate a beneficiary; that clause of his application being as follows: "Also, that I hereby designate Brother Tony residing same as the person to whom shall be paid, in case of my death, in manner set forth in Article VI, Section 2, of the above By-Laws, any money, provided to be paid in such case by said By-Laws." The by-laws provided, inter alia, for the payment of death benefits to the beneficiary named in the application, also authorized the member to change the beneficiary; but there was no provision in the application, by-laws or elsewhere, for payment of death benefits to any one except a designated beneficiary, and nothing to indicate an intention that the same should become a part of the deceased member's estate. On the death of Monteiro, his beneficiary was entitled to receive from the society the sum of $1,861.75, which it was ready and willing to pay; but, owing to a defect in the designation of beneficiary (as the deceased had no brother "Tony"), doubt arose as to whom it should be paid. Whereupon an issue was framed between rival claimants to determine its ownership. This was in Court of Common Pleas, No. 5, of Philadelphia County, where the fund was finally awarded and paid to one Antonio Pedro Graca, whom that court found was the beneficiary intended. Thereafter plaintiff was appointed administrator of the deceased and brought this suit against the society for the same fund. After a full hearing and consideration, the court below by final decree dismissed the bill upon the ground, inter alia, that the fund was no part of the deceased member's estate and his administrator had no standing to bring suit therefor. From which decree plaintiff brought this appeal.

The able presentation of appellant's case has failed to convince us of error in the conclusion of the trial court. A beneficial society, like defendant, is not an insurance company (Heasley v. Heasley, 191 Pa. 539; Northwest-

ern Masonic Aid Assn. v. Jones et al., 154 Pa. 99), and therein the member and his beneficiary have such rights only as grow out of the rules of the society and contract between the parties. Here the only provision for payment of death benefits was to the beneficiary and if none was named, or the designation fatally defective, there is not right of recovery, as such benefits form no part of the deceased member's estate: 19 R. C. L., p. 1311 (sec. 100); Kelley's Est., 29 Pa. Superior Ct. 106. When alive the fund was not his and his only power over it was the right to appoint a beneficiary (Northwestern Masonic Aid Assn. v. Jones et al., supra); and on failure to do so the fund reverted to the society. See Bacon on the Law of Life and Accident Insurance (4th ed.) sections 306, 310, 313; Order of Mutual Companions v. Griest et al., 76 Cal. 494.

The contention that plaintiff can maintain the action for the benefit of Monteiro's mother cannot be sustained. She was not named as a beneficiary—the son might have so designated her but did not—and she as next of kin has no legal claim upon the fund, recoverable directly or through an administrator. Were this a life insurance contract, then, in the absence of a duly constituted beneficiary, the administrator of the insured's estate might recover same for the benefit of those legally entitled, but that rule does not apply to a beneficial society. As our conclusion upon this branch of the case is fatal to plaintiff's action, it is not necessary to consider the other questions raised in the record.

The appeal is dismissed at the costs of appellant.