Mizanin *v.* Mihuc et al., Appellants.

Argued April 20, 1939.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, Rhodes and Hirt, JJ.

*Joseph L. Pinkasiewicz,* for appellants.

*Edwin B. Goldsmith,* for appellee.

OPINION BY PARKER, J., October 4, 1939:

This is an interpleader in which an issue was framed for the purpose of ascertaining who was entitled to death benefits owing by a fraternal beneficial society.

John Mihalyo, at the time of his death, October 17, 1934, was a member of a subordinate lodge of Greek Catholic Union, a fraternal beneficial society organized under the laws of Pennsylvania, and held a certificate providing for the payment of death benefits in the amount of $1,000. It is conceded that $400 of these benefits was payable on account of funeral expenses, that such sum was promptly paid by the society, and that $67 was advanced to the insured in his lifetime, leaving a balance of $533 owing to someone by the society. Suit was brought against the society for this balance by John Mizanin, a stranger to the blood of decedent, whereupon two nieces also laid claim to the benefits. By agreement the money was paid into court and the parties interplead, Mizanin being named as plaintiff and the two nieces, Mary Mihuc and Suzanna Hospodar, being made defendants. A jury trial resulted in a verdict for the plaintiff on which judgment was entered for him. The defendants have appealed.

We are all of the opinion that the trial judge in her charge failed to make clear to the jury the real issues

involved. "It is a primary duty of the trial judge—a duty that must never be ignored—in charging a jury to clarify the issues so that the jury may comprehend the questions they are to decide. Such clarification is impossible without clear instruction as to the burden of proof, the shifting of the burden in certain states of the record, and if plaintiff has offered prima facie proof of what he has pleaded, the duty then devolving on the defendant to come forward with evidence": *Sears v. Birbeck*, 321 Pa. 375, 383, 184 A. 6. Also, see *Henes v. McGovern*, 317 Pa. 302, 176 A. 503; *De Reeder v. Travelers Ins. Co.*, 329 Pa. 328, 198 A. 45. This makes necessary a reference to the facts in some detail.

The member, after the death of his wife who had been named as beneficiary, applied to the society for a change of beneficiaries. He first forwarded to the society a written request for change which did not indicate the relationship of the new beneficiary to the member and on that account another blank was forwarded to him for execution. On October 7, 1933, the member filled out the blank so provided and forwarded it to the society indicating that John Mizanin was not a relative of the member but alleging in support of the request "that he has [had] become and is [was] dependent upon the charity of the above named John Mizanin, for support and maintenance, and that he has [had] received and is [was then] receiving such assistance and maintenance from and by the charity and benevolence of said party." There was nothing in the application to indicate whether the member had any relatives.

On January 2, 1934, the society issued a new certificate naming John Mizanin as the person entitled to receive $600, subject to the proviso that "due proof of the right of the person or persons claiming the benefit shall be required before the same is paid." This was immediately followed by a statement that the certificate, the charter or articles of incorporation, and the

constitution and by-laws of the union, present or future, should constitute the agreement between the union and the member.

The real issue made by the pleadings had its origin in a dispute as to whether Mizanin was an eligible beneficiary under the laws governing this beneficial society. His eligibility was questioned on two grounds, it being alleged first that Mihalyo had relatives, the two nieces, and that under such circumstances a stranger to the blood of the member could not be named a beneficiary, and second, that regardless of the first contention the member, Mihalyo, was not dependent upon the charity of Mizanin. The force of these contentions will appear by a reference to the pertinent statutes and by-laws. The defendants based their claim on the fact that the wife of the member had died and they were the only persons entitled to take his personal estate.

It was provided by the statute (Act of May 20, 1921, P. L. 916, §6 [40 PS §1017]), under which this fraternal beneficial society was organized, as follows: "Such death benefits in certificates hereafter issued shall be payable to wife, husband, affianced wife, or affianced husband, relative to the fourth degree of consanguinity, father-in-law, mother-in-law, son-in-law, daughter-in-law, stepfather, stepmother, stepchildren, children by adoption, or to a person or persons dependent upon the member. If, after the issuance of the original certificate, the member shall become dependent upon the charity of an individual or an incorporated charitable institution, he shall, with the consent of the society, have the privilege of making such individual or institution his beneficiary ...... Any such society may, however, by its laws limit the scope of beneficiaries within the above classes ...... If none of the beneficiaries named in the certificate shall survive the member, the benefits shall then be paid to the executor or administrator of the deceased member, to be by him

paid over to, or divided among, the person or persons entitled to the personal estate of such deceased member under the intestate laws of the place of domicile of such member." The by-laws of the society provided in practically the same terms as the statute, that the spouse or relatives of the member within the fourth degree of consanguinity might be named as beneficiary. They also provided as follows: "If he has no such relatives, he or she may designate as a beneficiary, a charitable person, or institution which took care of or helped him or her. Designations of beneficiaries outside the classes above named are invalid and will not be accepted, and an applicant attempting to make such an invalid designation must correct it before he can be received into membership."

The society, taking advantage of the authority to limit the scope of beneficiaries within the designated classes given by the statute, provided by by-law that if the member had no such relatives he might, in that case only, designate as a beneficiary "a charitable person, or institution which took care of or helped him."

It remains to consider whether the society has done anything whereby it has waived the provisions of the by-laws so that defendants may not avail themselves of the benefit of such laws. It has frequently been held that requirements incorporated in the by-laws of fraternal beneficial societies or in the terms of contracts in ordinary life insurance policies, *made for the protection of the society,* may be waived by the society *if such waiver occurs during the lifetime of the insured: Supreme Council of Royal Arcanum v. Behrend,* 247 U. S. 394, 38 S. Ct. 522; *Riley v. Wirth,* 313 Pa. 362, 169 A. 139; *Scheid v. Storch,* 271 Pa. 496, 115 A. 841; *Tomilio v. Pisco,* 123 Pa. Superior Ct. 423, 428, 187 A. 86; *Sanes' Estate,* 91 Pa. Superior Ct. 466. The formalities as to change of beneficiaries which are exclusively for the benefit of an insurer may likewise be

waived by paying the proceeds into court in discharge of the liability: *Riley v. Worth,* supra (p. 366) ; *Skamoricus v. Konagiskie,* 318 Pa. 128, 132, 177 A. 809; *Tomilio v. Pisco,* supra (p. 428) ; *Ruggeri v. Griffiths,* 315 Pa. 455, 173 A. 396. However, the formalities which may be so waived after the death of the member are not such as affect the legal rights of the parties as they existed at the date of the member's death. This is made clear in *Grant v. Faires,* 253 Pa. 232, 237, 239, 97 A. 1060, where the Supreme Court said: "On the death of a member his certificate ripens into a legal obligation against the society, which it can only discharge by payment to the right party. And if in such case the society admitting its liability on a membership certificate, for which there are rival claimants, by agreement pays the amount due thereon to a stakeholder, or into court, that the rights of the claimants may be adjudicated, the fund takes the place of the society's liability and the rights of the claimants are unchanged. Disposal thereof must still be made according to the rules of the society and the law of the State. To hold otherwise is to ignore the very object for which the fund is deposited, to wit, the ascertainment of its legal ownership; not the waiver of rights but their adjudication . . . . . . We cannot regard as accurate the obiter statement in *Pennsylvania R. R. Co. v. Wolfe,* supra, to the effect, that the deposit of the fund in court constitutes such a waiver on part of the society as to change the legal rights of claimants. For, in our opinion, a society which is legally liable to pay money to one of two parties, and not knowing to which, pays it to a stakeholder, that the law may determine to whom it belongs, has not waived any right. Under such circumstances to pay the fund into court or to a stakeholder is proper practice and thereby no rights are lost." Also see *Hulick v. Ellenberger,* 105 Pa. Superior Ct. 534, 161 A. 576.

We therefore direct our attention to the fact that the society cancelled the former certificate prior to the member's death and issued a new certificate naming the plaintiff as beneficiary. The new certificate was not an unconditional promise to pay the death benefits to plaintiff since the company in issuing it provided in substance that it was payable to him only upon receipt of due proof of his right to claim the benefit.

In *Noble v. Police Beneficiary Society,* 224 Pa. 298, 73 A. 336, a benefit certificate had named as beneficiary a sister of the member. The by-laws of the association provided that a member could change the beneficiary only with the consent in writing of all living beneficiaries named in the certificate. A new certificate was issued at the request of the member naming his wife as beneficiary without the consent of the sister named as beneficiary in the original certificate. In a contest between the wife and sister it was held that the sister acquired no vested interest in the policy nor a right to anything during the lifetime of the member to whom the policy was issued. The member at any time might have allowed the first certificate to become null and void and have taken out a new policy naming as beneficiary any person eligible by law. The court further said (p. 302) : "Even if the issuing of the second certificate is to be regarded as a violation of the by-laws of the association, it would be estopped from questioning the regularity of that certificate, for, by issuing it, it waived all provisions in the by-laws as to transfers. If those by-laws were not complied with, can this appellant raise any question as to their violation? As stated, the certificate was never delivered to her, and before the time that she had acquired any rights under it it was returned to the association. If the second one was issued in disregard of the by-laws of the association, that disregard prejudiced no rights of the appellant, for she had no rights at that time. The by-laws were made solely for the convenience and protection of the

association. Regulations concerning the method of changing beneficiaries are adopted for the protection of the society, and if it has, by waiver or estoppel, lost the right to object to a change in the name of the beneficiary, no one else may raise that objection; and if a change of beneficiaries has actually been consummated and acted on by the society in the member's lifetime, the original beneficiary has no standing to attack the change, because not made in compliance with the regulations of the society."

When, here, the beneficiary named in the original certificate died, if a new beneficiary had not been named, those entitled to the personal estate of the member would have become entitled to the benefits under the certificate when the death of the member occurred. But the member made application for a new certificate, which he had a right to do, naming plaintiff as beneficiary and the association issued a new certificate in accordance with that request. The association thereby waived the provision of its by-laws limiting the naming of a stranger to cases where there were no eligible relatives or dependents just as the association in the Noble case waived the provision that a new beneficiary could not be named without consent in writing of all living beneficiaries. Those entitled to the personal estate of the member had no vested interest under the certificate when the waiver was made and consequently could not be heard to complain of the waiver.

The contention of the appellants that plaintiff Mizanin was not eligible to be named as a beneficiary because the member had not become dependent upon the charity of Mizanin presents a different question since the provisions of the Act of 1921, in force at the date of the death of the member, are there involved. By that statute, as we have seen, death benefits may only be made payable originally to certain relatives and dependents and only to a stranger "if, after the issuance of the original certificate, the member shall become de-

pendent upon the charity of an individual or an incorporated charitable institution." The legislature has declared that only such strangers may be named as beneficiaries who have rendered certain assistance to the member. This legislative requirement could not be waived by the association. Fraternal beneficial associations are organized for the purpose of providing relief to relatives and dependents and not for the purpose of doing a general insurance business. The policy of the law would seem to be clear in this respect. Consequently if the member did not become dependent upon the charity of Mizanin after the original certificate was issued, he had no right to be named as a beneficiary and is not entitled to recover here.

Examining the new certificate with the law in mind, we find that the action of the association was in harmony with what we have said for it accepted him as beneficiary notwithstanding the fact that the member might then have had relatives subject however to the condition that he should prove that he was entitled to the benefits when such benefits became payable. By issuing the new certificate the association waived any of the provisions of its by-laws providing the mechanics prescribed for a change as well as the provision that a stranger might only be appointed in case there were no eligible relatives of the member. It could not, however, waive the statutory provision with reference to the dependency of the member on the named beneficiary.

From what we have said it would seem to be clear that the burden of proof was upon the plaintiff to show that he was an eligible beneficiary. Not only did the statute make the fact that the member was dependent upon the charity of the plaintiff an absolute condition to his being named a beneficiary, but the association in issuing the new certificate attached the specific condition that he should be required to furnish due proof of his eligibility.

Reverting to our first observation with respect to the

duty of the trial judge in instructing a jury, the jury should have been advised as to the real issues and the burden of proof. The issue, it is true, was much confused by persistent and groundless objections made by counsel for defendants. This did not tend to clarify the situation. A careful reading of the evidence and the charge of the court convinces us that the jury was not given sufficient instructions as to the issues involved and the burden of proof.

The jury should be instructed to first determine whether the member became dependent upon the charity of Mizanin after the issuance of the original certificate with the admonition that the burden is upon the plaintiff Mizanin to establish dependency and that if he fails to establish that fact he cannot recover. The jury should also be instructed that there is a burden on the defendants to show that they are the persons entitled to the personal estate of the deceased member under the intestate laws of the place of domicile of such member.

Judgment reversed with a venire facias de novo.