Stasevicius, Appellant, *v.* Slauzis et al.

Argued March 6, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES and HIRT JJ.

*Joseph A. Mulhern,* with him *Paul J. Schmidt,* for appellant.

*John Nanorta,* for appellees.

OPINION BY RHODES, J., April 18, 1941:

This is an appeal by plaintiff in an interpleader from judgment entered in favor of defendants. Plaintiff was named beneficiary in a beneficial certificate issued on May 14, 1936, by the Lithuanian Roman Catholic Alliance of America, a Pennsylvania corporation, and described therein as "cousin" of Juozas Slauzis, to whom the certificate, as a member of the association, was issued. Defendants are admittedly the insured's brother and sister. Slauzis died on November 27, 1936. Plaintiff brought an action in assumpsit against the association, and defendants gave notice that they claimed the benefits under the certificate. The association presented a petition to the court below, and a rule was issued to show cause why the parties should not interplead, and why the petitioner should not be permitted to pay into court the money or fund. An order for interpleader was made; the fund was paid into court; and an issue was framed to determine who was entitled to it. In the feigned issue Ludwikas Stasevicius or Louis Stascavage was plaintiff, and Maciej Slauzis and Rose Slauzis, brother and sister of deceased, defendants.

The case was tried by the court without a jury under the Act of April 22, 1874, P. L. 109, 12 PS §688 et seq.

The trial court filed its decision, making findings of fact and conclusions of law, in favor of plaintiff, and directed the prothonotary to give notice, and if no exceptions were filed within thirty days after service of such notice to enter judgment for plaintiff.

Exceptions were filed by defendants, and after argument the court sustained the exceptions and directed judgment to be entered in favor of defendants. From the judgment which was entered, plaintiff has appealed.

The issues may be stated to be: (1) Was plaintiff an eligible or lawful beneficiary? (2) If not, are defendants or deceased's legal representative entitled to the fund?

As to the first proposition, we think it was established that plaintiff was not an eligible or lawful beneficiary, and that his designation in the certificate was invalid. Although the association admitted its liability on the certificate and paid the amount due thereon into court, the fund took the place of the association's liability, and the rights of the claimants were unchanged; and disposal of the fund must still be made according to the rules of the association and the law of the state. *Grant v. Faires, Ex'r*, 253 Pa. 232, 237, 97 A. 1060. This is not in conflict with frequent holdings by our courts to the effect that requirements incorporated in the by-laws of fraternal beneficial societies or in the terms of contracts in ordinary life insurance policies, made for the protection of the society, may be waived by the society if such waiver occurs during the lifetime of the insured. *Mizanin v. Mihuc et al.*, 137 Pa. Superior Ct. 269, 274, 8 A. 2d 543, and cases cited.

In *Mizanin v. Mihuc*, supra, we held that the association had waived the provision of its by-laws limiting the naming of a stranger to cases where there were no eligible relatives or dependents just as the association in *Noble v. Police Beneficiary Ass'n*, 224 Pa. 298, 73 A. 336, waived the provision that a new beneficiary could not be named without consent in writing of all living beneficiaries; and we also held that, the legislature having declared by the Act of May 20, 1921, P. L. 916, §6, 40 PS §1017, that only such strangers could be named as beneficiaries who had rendered certain assistance to the member, this legislative requirement could

not be waived by the association, and, consequently, if the member had not become dependent upon the charity of the named beneficiary after the original certificate was issued, he had no right to be named as a beneficiary and was not entitled to recover. In that case the member had filled out and forwarded a blank to the association or society indicating that the individual to be designated as beneficiary was not a relative of the member, but alleging, in support of the request for the change of beneficiary, that he had become and was dependent upon the charity of that individual for support and maintenance, and that he had received and was then receiving such assistance and maintenance from and by the charity and benevolence of the said party. The application did not indicate whether the member had any relatives.

In *Petrik v. National Slovak Union et al.,* 136 Pa. Superior Ct. 308, 7 A. 2d 60, the member, Peter Petrik, had executed an application for membership in the union in which he designated his wife as the beneficiary. Subsequently, Petrik executed an instrument wherein he indicated John Balek, who was not related to him, as the beneficiary in the certificate, and this instrument contained an affidavit by Petrik that he was dependent upon Balek. Balek was accepted by the union as the new beneficiary. This designation was not in conformity with the provisions of the by-laws which limited the naming of a stranger to cases where there were no eligible relatives. The Act of May 20, 1921, P. L. 916, §6, 40 PS §1017, in force at the time, provided that death benefits in certificates thereafter issued could be made payable originally only to certain relatives and dependents, and only to a stranger "if, after the issuance of the original certificate, the member shall become dependent upon the charity of an individual or an incorporated charitable institution." The money was paid into court, and the rival claimants in the feigned issue were the wife, as plaintiff, who had been first designated

as beneficiary, and John Balek, as defendant. We held that the evidence established that Petrik was dependent upon Balek, and that the latter, having been accepted by the union as the beneficiary, was a lawful beneficiary and entitled to recover.

In the present case the court below found that plaintiff was not a cousin of deceased, and was not dependent on deceased. Meeting one or the other of these conditions was necessary in order for him to come within article 23, paragraph 1, of the association's by-laws. This paragraph together with paragraphs 7 and 8 of the same article are printed in the margin.[1] As the

---

[1] "1. A member of the Lithuanian Roman Catholic Alliance of America may designate any person as his beneficiary to whom the death benefit or any part thereof shall be paid from the following list: Wife or husband, children, grandchildren, father, mother, brother, sister, other relatives of blood to the fourth degree, father-in-law, son-in-law, mother-in-law, daughter-in-law, step-father, step-mother, step-children, children of legal adoption, person or persons dependent upon the member. . . . . . .

"7. If all the beneficiaries of a member of the Lithuanian R. C. Alliance should have died before his decease or if all should have forfeited their rights to his death benefit and if by any reason such a member should not have designated other beneficiaries as herein provided then the death benefit shall be paid to wife or husband, as the case may be, and if there are children, one half shall be paid to the widow or widower and the other half shall be equally divided among the children. If there is no wife or husband surviving, the benefit shall be payable to the following person or persons in order of precedence by grades as herein enumerated: 1. children by birth or legal adoption, 2. grandchildren, 3. parents of the deceased member, 4. parents of his mother, 5. parents of his father, 6. brothers and sisters, always persons living of each precedent grade receiving equal shares to the exclusion of all persons of all subsequent grades. If no relatives as herein above provided shall be living at the death of the member, the death benefit shall revert to the mortuary fund of the Lithuanian R. C. Alliance.

"8. Should a member of the Lithuanian R. C. Alliance designate as his sole or joint beneficiary a person not permitted by

court below said, plaintiff having been described as a cousin of deceased, his designation as beneficiary was presumably in conformity with the by-laws of the association. There was nothing to indicate that the association or its officers knew that plaintiff was not in fact a cousin of the member, and it does not appear that the association did anything whereby it waived the provisions of its by-laws so that defendants may not avail themselves of the benefit of such laws.

The testimony relative to the relationship of plaintiff to deceased was conflicting. As there was competent evidence to support the finding of the court below, it is binding upon us, and must be accepted by plaintiff. *Armstrong County v. Rearic,* 315 Pa. 133, 135, 172 A. 130.

In *Mikesell v. Mikesell,* 40 Pa. Superior Ct. 392, the member directed the certificate for death benefits to be made payable to a woman named as his wife, "or his legal heirs." After the death of the member the association discovered for the first time that the woman named as beneficiary was in fact the undivorced wife of another man then living. The member's father was his legal heir. The association paid the fund into court in an interpleader proceeding. The association was a beneficial society organized under the laws of the state of Ohio, and the Ohio statute provided: "Beneficiaries who take death benefits shall be confined to the family, heirs, relatives by blood, marriage or legal adoption, affianced husband or affianced wife, or to a person or persons dependent on the member." The by-laws of the society contained a similar provision. We held that the beneficiary, having been falsely named as the member's wife, was not entitled to take by reason of her

---

the by-laws of this organization, then the benefit or a part thereof made payable to such person shall be divided among other designated beneficiaries, and if there are none, shall be disposed of as provided in Article 23, Paragraph 7."

not being in any of the classes designated, and that the father was entitled to the fund.

Plaintiff having been found by the court below not to have been a cousin of deceased, and not to have been dependent upon deceased, did not come within any of the classes set forth in article 23, par. 1, of the by-laws of the association which may be designated as beneficiaries.

The Act of May 20, 1921, P. L. 916, was repealed and replaced by the Act of July 17, 1935, P. L. 1092, 40 PS §1051 et seq. Section 11 of the Act of 1935, 40 PS §1061, provides: "Any person may be admitted to beneficial or general or social membership in any society in such manner and upon such showing of eligibility as the laws of the society may provide, and any beneficial member may direct any benefit to be paid to such person or persons, entity, or interest as may be permitted by the laws of the society: Provided, That no beneficiary shall have or obtain any vested interest in the said benefit until the same has become due and payable in conformity with the provisions of the contract of membership, and the member shall have full right to change his beneficiary or beneficiaries in accordance with the laws, rules, and regulations of the society."

The designation of plaintiff having been invalid under the by-laws of the association, we turn to the by-laws of the association to determine to whom the proceeds of the certificate in such event are payable, as it cannot be said that there was any waiver by the association of its by-law requirements so as to preclude defendants from questioning the eligibility of plaintiff to be named as beneficiary by deceased. Moreover, plaintiff was not a lawful beneficiary under the provisions of any act of assembly whereby the fund might be distributed to him in accordance with law.

Under paragraph 8, art. 23, of the by-laws of the association, it is provided that, if a member designate as his sole beneficiary a person not permitted by the by-

laws, the benefit shall be disposed of as provided in article 23, par. 7.[2] In paragraph 7 the order of precedence is given. There being no others entitled to preference, defendants, as brother and sister of the deceased member, are, under the provisions of the by-laws of the association, entitled to the fund, and the court below properly found for defendants.

As next of kin defendants would be entitled under the intestate laws of this state to the fund in the event it could be lawfully claimed by an administrator of the estate of the deceased member. But the by-laws of the association have provided for its disposition in just such a situation as has been disclosed in the present case, and there is no statutory enactment which prevents their operation. See *Dickerson, Adm'x, v. Midvale Beneficial Ass'n*, 264 Pa. 415, 107 A. 778. Plaintiff, in his brief, refers to section 12 of the Act of 1935, 40 PS §1062; but this is not controlling as it relates only to the death of a beneficiary before the member, and the failure to make a new designation. The section provides that the payment to the executor or administrator of the deceased member of the benefits under the certificate shall, even in that case, be made only where the constitution and by-laws of the society shall have made no provision for such contingency. See, also, section 16 of the Act of July 17, 1935, P. L. 1092, 40 PS §1066.

Under the facts found by the court below, defendants are entitled to the fund in accordance with the by-laws of the association.

Judgment is affirmed.

---

[2] Paragraphs 7 and 8, art. 23, of the by-laws of the Lithuanian Roman Catholic Alliance of America were not printed in the record. They are found in the original record sent up from the court below. It was agreed between the parties that reference may be made to such record in the event that it became necessary for the proper disposition of the case. It does not appear that these paragraphs of the by-laws were called to the attention of the court below.