## Kopachuk (et al., Appellant), *v.* The Providence Association.

Argued October 5, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ. (RENO, J., absent).

*John Michael Dooden,* for appellant.

*Jacob K. Miller,* of *Levi Mandel & Miller,* for appellee.

*Ralph S. Croskey,* of *Edwards & Croskey,* for beneficial association.

OPINION BY RHODES, J., December 9, 1943:

The death benefits under a benefit certificate were claimed by the widow of the deceased who had been a member in good standing of the beneficial association which issued the certificate. The designated beneficiary therein was no relative of the deceased member, but he contends that he is entitled to the proceeds by reason of being the named beneficiary in the certificate.

The association filed a petition for interpleader, and was permitted to pay the fund into court.

The issue was tried by a judge of the municipal court, without a jury, who found that the fund was payable in accordance with the by-laws of the association to plaintiff, the widow of the deceased member. Claimant, the named beneficiary, has appealed.

Nicholas Kopachuk died on November 9, 1940. The certificate had been issued to him on August 1, 1928, and his brother was named as beneficiary. On May 5, 1931, Kopachuk changed the beneficiary and named appellant as beneficiary. The deceased member had been married to plaintiff since 1910, and this relationship existed at the time of his death.

It has been held frequently that such a certificate of a beneficial association creates no vested interest in the beneficiary named therein during the lifetime of the member to whom it was issued. *Shepler v. Pennsylvania R. Co. et al.,* 334 Pa. 257, 258, 5 A. 2d 567; *Petrik v. National Slovak Union et al.,* 136 Pa. Superior Ct. 308, 313, 7 A. 2d 60.

We are of the opinion that the designated beneficiary was not an eligible or lawful beneficiary, and consequently is not entitled to the fund; that disposition of the fund must be made according to the rules of the association and the laws of the state; and that plaintiff is accordingly entitled to the fund.

In *Stasevicius v. Slauzis et al.*, 144 Pa. Superior Ct. 421, at page 423, 19 A. 2d 569, at page 570, we said: "Although the association admitted its liability on the certificate and paid the amount due thereon into court, the fund took the place of the association's liability, and the rights of the claimants were unchanged; and disposal of the fund must still be made according to the rules of the association and the law of the state. *Grant v. Faires, Ex'r*, 253 Pa. 232, 237, 97 A. 1060. This is not in conflict with frequent holdings by our courts to the effect that requirements incorporated in the by-laws of fraternal beneficial societies or in the terms of contracts in ordinary life insurance policies, made for the protection of the society, may be waived by the society if such waiver occurs during the lifetime of the insured. *Mizanin v. Mihuc et al.*, 137 Pa. Superior Ct. 269, 274, 8 A. 2d 543, and cases cited."

But in the present case there was no valid waiver of any by-law requirement by the association whereby appellant became entitled to the fund; and statutory requirements are not subject to waiver by such an association. "Fraternal beneficial associations are organized for the purpose of providing relief to relatives and dependents and not for the purpose of doing a general insurance business": *Mizanin v. Mihuc et al.*, 137 Pa. Superior Ct. 269, at page 278, 8 A. 2d 543, at page 547. The certificate set forth that the by-laws were a part of the certificate, and they stipulated that beneficiaries could only be relatives of the members unless a member should become dependent upon some other person. The object of the association is "to assist its members in

case of sickness or disability, to aid widows, orphans, and families in general after the death of a member."

Section 218 of the by-laws of the association, in force when the certificate was issued and at the time the member died, provided: "The mortuary benefit shall be bequeathed only to the person, or persons, in the following order: (1) To the surviving husband or wife, in the event there are no children ......"

The Act of May 20, 1921, P. L. 916, was repealed and replaced by the Act of July 17, 1935, P. L. 1092, 40 PS §1051 et seq., but it was in effect when the certificate was issued, and when appellant was named as beneficiary. Section 6 of the Act of 1921, 40 PS §1017, provided that death benefits in certificates thereafter issued could be made payable originally only to certain relatives and dependents, and only to a stranger "if, after the issuance of the original certificate, the member shall become dependent upon the charity of an individual or an incorporated charitable institution".[1] This section further provided that a member, within the enumerated restrictions, should have the right to designate his beneficiary, and have the same changed in accordance with the laws, rules, or regulations of the society, and that no beneficiary should have or obtain any vested interest in the benefit until it became due and payable on the death of the member.

Appellant had no right to be named as a beneficiary under the by-laws or under the provisions of the act of assembly then in force; the member was never dependent upon him. *Petrik v. National Slovak Union et al.,* supra; *Mizanin v. Mihuc et al.,* supra.

---

[1] Section 218 of the by-laws also provided: "If after some time after the writing of the policy the member should find himself forced to live by the mercy of some person or of some incorporated charitable institution, then he may, with the endorsement of the Executive Committee, designate that person or institution as his beneficiary."

The association could have liberalized its by-laws after the enactment of the Act of 1935, but it failed to do so, and under the Act of 1935 benefits payable by the association were still limited to the classes and in the order designated by the by-laws. Section 11 of the Act of 1935, 40 PS §1061, provides that "any beneficial member may direct any benefit to be paid to such person or persons, entity, or interest as may be permitted by the laws of the society."

The designation of appellant as beneficiary was not in conformity with the by-laws, and he was not otherwise a lawful beneficiary. *Stasevicias v. Slauzis et al.*, supra, p. 427. His designation being invalid, plaintiff, the widow of the deceased member, is entitled to the fund, and the court below properly so found.[2]

Judgment is affirmed.

---

[2] Under section 224 of the by-laws it is provided that, if it should appear "that the mortuary benefit cannot be paid to the beneficiaries for any reason whatsoever," the association "shall have to pay the mortuary benefit according to the provisions of §218 ......"