## Arcutt, v. Brotherhood of Locomotive Firemen and Enginemen, (et al., Appellants)

Argued April 19, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, ROSS and ARNOLD, J.J. (DITHRICH, J., absent).

*Dale T. Lias,* for appellant.

*Wilbur F. Galbraith,* with him *Jos. I. Winslow,* for appellee.

OPINION BY RHODES, J., July 19, 1945:

Plaintiff was the named beneficiary in a beneficiary certificate issued by the Brotherhood of Locomotive Firemen and Enginemen, an unincorporated fraternal

benefit association. The certificate was issued to the member, Frederick M. Arcutt, and "Martha Arcutt wife as designated beneficiary thereof." This certificate was issued on January 1, 1942. In certificates previously issued, plaintiff and children of Frederick M. Arcutt had been named as beneficiaries. In the last certificate plaintiff was designated as the only beneficiary. Arcutt died on February 17, 1942. The association was permitted to pay the proceeds of the certificate into court, and it was stipulated that plaintiff be Martha Hovis Arcutt, and that defendant be Alice T. Arcutt, and that the association be relieved from any further liability to either. Deceased and Alice T. Arcutt were married on July 30, 1917, and they had not been divorced. They had been separated since 1931. From 1935 to the date of deceased's death plaintiff lived with him and kept house for him.

The chancellor made findings of fact and conclusions of law in favor of plaintiff. Exceptions filed by defendant were dismissed, and the final decree of the court below is to the effect that the proceeds of the certificate be paid to plaintiff.

Defendant presses the fourth and seventh assignments of error. The fourth assignment of error complains of the final decree. The seventh assignment of error relates to the chancellor's eighth finding of fact which reads as follows: "That Martha Hovis Arcutt was at all times from December 29, 1935, to February 17, 1942, a person dependent upon Frederick M. Arcutt for support." This and the other findings of fact were affirmed by the court in banc.

Defendant had never been designated as a beneficiary in any of the certificates. Her position as now presented is that the designation of plaintiff was invalid and consequently there was no legally designated beneficiary in the certificate, and the proceeds under the constitution of the association were payable to her as the widow of the deceased member. See *Kopachuk et al. v. Provi-*

*dence Ass'n of Ukrainian Catholics in America,* 153 Pa. Superior Ct. 606, 35 A. 2d 96.

The constitution of the association stipulates that beneficiaries may be one or more persons in the following classes: (1) Wife, child or children, mother, father, sisters, brothers; (2) other relative by blood to the fourth degree; or (3) persons dependent upon the member for support.

It then provides, article 9, section 5 (b): "If the beneficiary is a minor the proceeds must be paid to the duly appointed guardian, but should there be no legally designated beneficiary, then the proceeds shall be paid subject to the provisions of this constitution bearing thereon, as follows, in the order named: First, to the widow, ......"

Defendant had no vested right to be named as a beneficiary, although she was the lawful wife of the member. It was discretionary with the member to name a beneficiary or beneficiaries within the limitations of the constitution.

There is no question but that plaintiff was improperly described as the wife of the member. It is likewise clear that plaintiff was the intended beneficiary and so designated in the certificate. Although plaintiff was not the wife of the member, she was competent to be named beneficiary if she came within either of the other classes enumerated in the constitution of the association. *Stasevicius v. Slauzis et al.,* 144 Pa. Superior Ct. 421, 426, 19 A. 2d 569. The court below found that she was a person dependent upon the deceased member for support; and if this finding is sustained she is entitled to the proceeds of the certificate here involved.

We are of the opinion that the erroneous designation of plaintiff as wife of the member does not affect her eligibility as a beneficiary. The description as deceased's wife does not require that she answer to this superfluous description in order to be entitled to the fund. *Brown v. Grand Lodge A. O. U. W.,* 208 Pa. 101,

57 A. 176. See, also, *Overbeck v. Overbeck*, 155 Pa. 5, 25 A. 646; *Jones' Estate*, 211 Pa. 364, 60 A. 915; *Hendricks v. Prudential Insurance Co. of America*, 149 Pa. Superior Ct. 350, 27 A. 2d 261.

The eligibility or non-eligibility of a named beneficiary is not a matter of the appellation employed by the member in his application or by the association in the certificate itself. To merely describe a beneficiary as a member of one of the acceptable classes is not enough. But it is sufficient in the present case if the named beneficiary is identified and her eligibility established as a member of one of the three recognized classes. There is no resulting judicial modification of the contract, as eligibility under the constitution of the association is not the subject of contract. "The fund being in a court of equity with the consent of both parties, it must be distributed in accordance with the well-established legal rights of the claimants thereto": *Baltimore & Ohio R. Co. v. Veltri*, 37 Pa. Superior Ct. 399, at page 406.

It remains for us to determine whether there is evidence to support the chancellor's finding that plaintiff was a person dependent upon Frederick M. Arcutt for support.

The testimony presented before the chancellor was uncontradicted, and was given by plaintiff and a daughter of deceased. The latter, prior to her marriage in 1938, lived with her father. During that time plaintiff took care of the apartment which they occupied, and she was dependent upon and supported by deceased. There was no change in this respect at the time plaintiff was named beneficiary in the application dated November 11, 1941, and the certificate of January 1, 1942. At the time of deceased's death she was still dependent upon him for support.

On the basis of this testimony we are of the opinion that the finding that plaintiff was a person dependent upon deceased for support was proper.

The decree of the court below is affirmed, at the cost of appellant.