## Orth, Appellant, *v.* Wood.

Argued April 9, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*John M. Smith, Jr.,* for appellant.

*Nathan I. Miller,* for appellee.

OPINION BY MR. JUSTICE HORACE STERN, May 27, 1946:

This is the somewhat familiar case of a man purchasing a property with his own funds, putting title in the name of his wife or mistress, and, after a quarrel with her, attempting to regain ownership by claiming a resulting or constructive trust.

Plaintiff, Cloyd Orth, a widower, on April 9, 1941, entered into a meretricious relationship with defendant, Viola Wood, a married woman. At first they lived together at 2106 North Broad Street, Philadelphia, but on April 28, 1942, plaintiff purchased premises 930 W. Dauphin Street, taking title in the name of "Viola Orth,

wife of Cloyd Orth"; thereafter they resided in that property until they separated on September 12, 1944. Plaintiff then brought a bill in equity against defendant in which he averred that he had been misled by her into believing that she was a single woman, that she had promised to marry him, and that it was because of that belief and in reliance on that promise that he had placed the title in her name. The bill prayed that defendant be decreed a trustee and ordered to convey the property to plaintiff.

Considerable testimony was taken on behalf of both parties. Plaintiff insisted that defendant had represented herself to him as an unmarried woman, that he did not learn to the contrary until more than a year after the purchase of the Dauphin Street property, and that it was only in the event they should ever marry that his intention was to have her become a joint owner. The evidence produced by defendant, on the other hand, was to the effect that plaintiff knew of her married status from the very beginning of their relationship and that she had not deceived him in any manner. The testimony on both sides was characterized by contradictions, discrepancies and evasions, nor did it strictly conform to the allegations of the respective pleadings. The chancellor found that plaintiff knew when the deed was made that defendant was a married woman and with such knowledge nevertheless intended that the property should be owned by them jointly. These findings were sustained by the court en banc and a decree was entered that the premises should be conveyed so as to vest title in the names of both parties, each to have an undivided half interest; also that the net income from the property from the time of the separation should be accounted for by plaintiff and one half thereof paid to defendant.

The issue was a factual one and we are not at liberty to reverse the findings of the court below. It is true that, as defendant was not plaintiff's wife, the presumption that the property was placed in her name as a gift did not

arise; on the contrary, the presumption would be that plaintiff, having paid for the property with his own funds, was the beneficiary of a resulting trust. That presumption, however, was rebuttable, and the evidence was amply sufficient to satisfy the court, as it did, that the gift of a half interest in the property was not conditioned upon a subsequent marriage of the parties.

Plaintiff makes some point of the misdescription of the grantee as plaintiff's wife. In such a case, however, the controlling question is one, not of accuracy of description, but of identity, and as to such identity in the present instance there is, and can be, no dispute: cf. *Hendricks, Admx., v. Prudential Insurance Company of America,* 149 Pa. Superior Ct. 350, 27 A. 2d 261; *Garland v. Craven,* 156 Pa. Superior Ct. 351, 357, 358, 41 A. 2d 140, 142, 143; *Arcutt v. Brotherhood of Locomotive Firemen and Enginemen,* 157 Pa. Superior Ct. 385, 387, 43 A. 2d 599, 600.

Decree affirmed; each of the parties to bear his or her own costs.